ANTHONY L. HOPE, Appellant, *v.* PETER BALEN, Jr., et al., Respondents.

Where in part performance of an entire parol contract, a part only is reduced to writing, parol evidence of the contract is competent.

Defendants held a lease of certain premises from the plaintiff. It was agreed by parol between them that defendants should surrender the residue of the term and the possession at the end of the quarter; in consideration whereof plaintiff was to discharge them from the payment of the quarter's rent. In pursuance of the agreement, defendants executed an instrument written upon the lease, and delivered it to plaintiff, in substance stating that it was agreed that the term unexpired at the end of the quarter was thereby canceled. About the end of the quarter defendants surrendered possession. In an action to recover the quarter's rent, *held*, that parol evidence of the agreement was proper, and established a good defence to the action.

(Argued September 21, 1874; decided September 29, 1874.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendants, entered upon a verdict.

This action was brought to recover a quarter's rent falling due May 1st, 1869, upon a lease executed by plaintiff to defendants, of certain premises in New York.

The lease was for two years from February 1st, 1868, rent payable quarterly. The defence was that an agreement was made between the parties by which, in consideration of a surrender of the premises and the balance of the term, on the 1st of May, 1869, plaintiff agreed to release them from the quarter's rent in question.

Upon the trial, evidence was offered by defendants of a parol agreement between the parties, as alleged by them. This was objected to by plaintiff upon the ground that the agreement was in writing, which must control. It appeared that a day or two after the parol agreement, and in pursuance thereof, defendants signed a writing upon their lease, as follows: "It is hereby agreed between the subscribers, that the period of the lease (within mentioned) which is unexpired on the 1st day of May, 1869, is hereby canceled." Plaintiff re-leased the premises to other parties, and defendants surrendered the same to the new tenants on or about the 1st day of May, 1869. Plaintiff's objections were overruled and the parol evidence received. Plaintiff's counsel duly excepted.

*Augustus Ford* for the appellant. The written agreement was the only competent evidence of the contract. (Greenl. Ev., § 275; *La Farge* v. *Ricket*, 5 Wend., 187; *Creery* v. *Holley*, 14 id., 26; *Egleston* v. *Knickerbocker*, 6 Barb., 458; *Lincoln* v. *Crandall*, 21 Wend., 101; *Tibbets* v. *Percy*, 24 Barb., 39.) The agreement indorsed on the lease was a complete valid and binding contract. (*Classon* v. *Baily*, 14 J. R., 484; *McCrea* v. *Piermont*, 16 Wend., 628; *Allen* v. *Jaquish*, 21 id., 628; *Rogers* v. *Howland*, 10 id., 218.) This case is not within any of the exceptions to the rule prohibiting parol evidence of a written contract. (*Agawam Bank* v. *Sleison*, 18 N. Y., 502; *Chester* v. *Bank of Kingston*, 16 id., 336; *Botterman* v. *Pierce*, 3 Hill, 171, 178; *Trus-*

*cott* v. *Kings*, 2 Seld., 147; *Hutchins* v. *Hibbard*, 34 N. Y., 24.) The release of the remainder of a term does not discharge the lessee from the payment of rent due. (*Sperry* v. *Miller*, 8 N. Y., 336.)

*T. C. Campbell* for the respondents. The rule excluding parol evidence does not apply where only part of a contract is reduced to writing; nor does it exclude proof of consideration where none is expressed. (1 Greenl. Ev., §§ 284, 304; *Hutchins* v. *Hebbard*, 34 N. Y., 24; *Blossom* v. *Griffin*, 13 id., 569; *Baney* v. *Worthington*, 37 id., 112; *Frink* v. *Green*, 5 Barb., 455; *Barry* v. *Ransom*, 12 N. Y., 462; *Botterman* v. *Pierce*, 3 Hill, 171; *Chester* v. *Bank of Kingston*, 16 N. Y., 336.)

Grover, J. Where a verbal contract is entire, and a part only in part performance is reduced to writing, parol proof of the entire contract is competent. (1 Greenl. Ev., § 284 *a;* *Hutchins* v. *Hebbard*, 34 N. Y., 24.) By the verbal contract of the parties, as found by the jury, the defendants were to surrender to the plaintiff the residue of the term in the premises leased to them by the plaintiff, and surrender to him the possession thereof on the 1st day of May, 1869, in consideration of which the plaintiff was to discharge them from the payment of the quarter's rent coming due upon the lease that day. On the 30th of March, 1869, the defendants executed and delivered to the plaintiff, in pursuance of the contract, the following instrument written upon the lease : " It is hereby agreed between the subscribers that the period of the lease (within mentioned) which is unexpired on the 1st day of May, 1869, is hereby canceled." The defendants on or before the first of May, yielded up the possession of the premises to the plaintiff or his lessee. The surrender of the unexpired term of the lease by the defendants to the plaintiff, was an act done in part performance of the oral contract, and did not render proof of the residue of the contract inadmissible. This proof was properly received. Some other exceptions

were taken by the plaintiff's counsel upon the trial, but all were dependent upon the competency of this evidence. The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.