JANE M. VAN BRUNT, Respondent, *v.* EDWARD P. DAY, Impleaded, etc., Appellant.

Defendant D. executed to plaintiff an assignment under seal of a bond and mortgage, which contained a guaranty of payment of the amount secured in case of the failure of the mortgagors to pay. In an action to foreclose the mortgage, D. was sought to be charged with any deficiency. He alleged and offered to prove that at the time of the execution of the assignment, plaintiff, in consideration of being permitted to retain $300 out of the purchase-money and of the assignment to him of a policy of insurance upon a building on the premises, agreed by parol to keep the building insured until the mortgage became due, that she did not do this, and that the building was destroyed by fire. The evidence was objected to and excluded. *Held*, error ; that the rule excluding parol evidence varying or modifying written instruments did not apply, as the agreement sought to be proved was an independent collateral engagement upon a new consideration which, if established, would not qualify or change the guaranty, but simply gave a right of action available as a counter-claim.

Also *held*, that the fact that the breach of this parol agreement was not in terms set up, as a counter-claim was not available here, as the facts were alleged, and no objection to the proof offered was made upon the ground that the pleading was defective.

*Van Brunt* v. *Day* (17 Hun, 166), reversed.

(Argued April 22, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment of the County Court of Kings county in favor of plaintiff entered upon a decision of the court on trial at Special Term. (Reported below, 17 Hun, 166.)

This action was brought to foreclose a mortgage made by defendant Spicer to defendant Day and by him assigned to the plaintiff. The assignment, which was under seal, contained a guaranty of " the payment of the amount due and to grow due thereon (the mortgage) in case of the failure of the mortgagors to pay the same according to the tenor thereof." A judgment for deficiency was asked and rendered against defendant Day. He alone answered. The material portion of the answer and of the facts are set forth in the opinion.

*S. C. Conable* for appellant. The agreement to keep up the insurance and pay the premiums may be sustained as a distinct collateral agreement upon a collateral and independent consideration which did not merge in the written assignment or guaranty. (*Hope* v. *Balen*, 58 N. Y. 380 ; *Lewis* v. *Seabury*, 74 id. 409, 413 ; *Batterman* v. *Pierce*, 3 Hill, 171 ; *Hutchins* v. *Hebbard*, 34 N. Y. 24 ; 1 Greenl. Ev., § 284*a*.) The proof of this agreement would not have violated any rule or principle of evidence. (*Batterman* v. *Pierce*, 3 Hill, 178 ; Cow. and Hill's Notes Phil. Ev. 1473.) The agreement in question is one of the class when part is " reduced to writing and part not so reduced," as to which " testimony may be received to show the whole contract, what part of it was reduced to writing and what not, but such testimony, when received, does not contradict or vary the writing." (*Potter* v. *Hopkins*, 25 Wend. 417 ; *Reab* v. *McAllister*, 18 id. 116, 117 ; *Shepherd* v. *Temple*, 3 N. H. 455 ; *McCullough* v. *Girard*, 4 Wash. C. C. 289–291 ; *Gerish* v. *Washburn*, 9 Pick. 338 ; *Hall* v. *McCubin*, 6 Gill & Johns. 107–110 ; *McCreary* v. *McCreary*, 5 id. 147–157 ; *Kelsey* v. *Dickinson*, 2 Black, 236 ; 2 Cow. & Hill's Notes, 600–603.)

*William S. Cogswell* for respondent. Parol evidence to

vary or modify the terms of the contract was not admissible. (*Jackson* v. *Andrews*, 59 N. Y. 244; *Moran* v. *McLarty*, 75 id. 25; *Colwell* v. *Lawrence*, 38 id. 71; *Levy* v. *Burgess*, 38 id., *supra*, 431; *Clark* v. *New York Life Ins. & Trust Co.*, 7 Lans. 322; *Brown* v. *Vredenburg*, 43 N. Y. 195; 2 B. & C. 627, 634; *Kelley* v. *Roberts*, 40 N. Y. 432; *Johnson* v. *Oppenheim*, 55 id. 280; *Mott* v. *Richmyer*, 57 id. 49; *Van Brockelen* v. *Taylor*, 62 id. 105; *Shaw* v. *The Republic Life Ins. Co.*, 69 id. 286; *The Germania Fire Ins. Co.* v. *Memphis & Charleston R. R.*, 72 id. 90; *Hill* v. *Syracuse, B. & N. Y. R. R.*, 73 id. 351; *Wilson* v. *Dean*, 74 id. 531.)

ANDREWS, J. The defendant's guaranty was in writing, and was contained in the same instrument by which he assigned the mortgage. It was an absolute undertaking to pay the mortgage, in the event of failure of payment by the mortgagors. This undertaking could not be varied by proof of an oral contemporaneous agreement that the guarantor was only to be bound on condition that the plaintiff should keep the premises insured for his protection. The rule is elementary that such proof, in the absence of fraud or mistake, is inadmissible to change or qualify a written agreement. But the answer of the defendant, although inartificially drawn, in substance alleges that at the time of the execution of the assignment and guaranty, the plaintiff, in consideration of being permitted to retain $300 out of the purchase-money of the mortgage, and of the assignment to him by the defendant of a policy of insurance upon the premises, agreed to keep the premises insured until the mortgage should become due, which she neglected to do; that the building on the premises was destroyed by fire, and that by reason of such neglect the security of the defendant was lost. The court on the trial rejected proof of this agreement, and of the consideration therefor, offered by the defendant. The rejection is sought to be sustained on the ground that the written agreement is conclusively presumed to contain the whole engagement of the parties, and that the offer was an attempt to engraft by parol a new term upon the written con-

tract. But we are of opinion that the rule referred to does not apply to the case. The writing was executed by the defendant alone. It was given in execution of his contract to assign the mortgage, and guaranty its payment. The agreement was an independent collateral engagement made by the plaintiff upon a new consideration, to keep the premises insured for the protection of the defendant. If established it would not qualify or change the defendant's guaranty. Its breach would give a right of action, available to the defendant as a counter-claim to the extent of the damages sustained, in reduction or extinguishment of his liability. The cases sustain the defendant's claim, that the proof of the oral agreement would not violate the rule that when the agreement of parties has been reduced to writing, that alone is to determine their respective obligations. (*Batterman* v. *Peirce*, 3 Hill, 171; *Hope* v. *Balen*, 58 N. Y. 380; *Lewis* v. *Seabury*, 74 id. 409.)

The objection that the breach of the plaintiff's agreement was not in terms set up in the answer as a counter-claim is not available. The facts showing the agreement and its breach, and that loss resulted to the defendant therefrom, are substantially, although imperfectly, alleged. No objection to the proof offered was made, so far as appears, upon the ground that the pleading was defective; and under the statutory rule that the allegations of a pleading must be liberally construed, with a view to substantial justice (Code, § 519), the answer must be regarded as sufficient. (*Springer* v. *Dwyer*, 50 N. Y. 19; *Isham* v. *Davidson*, 52 id. 237.)

The judgment of the General Term should be reversed, and a new trial ordered.

All concur.

Judgment reversed.