WESTERN PUBLISHING HOUSE v. BACHMAN *et al.*

In an action on contract the complaint showed that the defendants were members of the board of directors of the school township of Delmont; that they ordered shipped to themselves a number of copies of a book published by the plaintiff, to be paid for at a price named by a registered school warrant on the treasurer of said township. The order was signed by the defendants' individual names, without any separate designation as members of the school board. When the goods arrived they were received and receipted for by defendants personally, and the freight charges were paid by them. *Held*, that the complaint showed a good cause of action against the defendants personally.

(Syllabus by the Court. Opinion filed February 17, 1892.)

Appeal from circuit court, Miner county. Hon. D. HANEY, Judge.

Action on contract. Judgment for defendants. Plaintiff appeals. Reversed.

The facts are fully stated in the opinion.

*D. D. Holdridge*, for appellant.

Sections 1717, 1700, and 1702 prescribe how a school township may contract. The defendants did not make the township liable by inserting their official character. Such clauses are merely descriptive. Treasurer St. Paul parish, 59 Me. 174; President, 3 Wend. 94; Trustees, 79 Ill. 493; President Rose-

dale, 4 Comet; 208; Wing v. Glick, 9 N. W. 384; Davis v. England, 6 N. E. 731.

*Farmer & Farmer*, for respondent.

The clear intent gathered from the language, circumstances, subject matter and evident purpose of the contract, should govern its interpretation. Williams v. Flood, 6 West. 175; Field v. Lester, 6 West. 54; Lundwicher v. Wheeler, 3 West. 640; Wharton's Contracts, Vol. 2, § 662; Nash v. Town, 5 Wall. 689; Mernan v. U. S. 17 Otto, 437; Barreda v. Silsbee, 67 · U. S. 91.

Public agents are not personally liable on contract made by them as such, with no intent to bind themselves. 2 Kent Comm. p. 632; McDonough v. Templeman, 2 Am. Dec. 11; Walker v. Swartwout, 7 Am. Dec. 334; Freeman v. Otis, 6 Am. Dec. 66; Slinchfield v. Little, 10 Am. Dec. 65; Miller v. Ford, 55 Am. Dec. 687; Storey on Agency, Chap. XI; Marsh v. Fulton, 10 Wall. 676; Hodgson v. Dexter, 1 Crauch, 364; Sanborn v. Neal, 4 Mun, 126; 77 Am. Dec. 502; Hall v. Huntoon, 44 Am. Dec. 332; Ogden v. Raymond, 58 Am. Dec. 429; Parks v. Ross, 11 How. 364; Metcalf v. Williams, 14 Otto, 93.

A contract is interpreted most strongly against the party who causes the uncertainty to exist.   § 3569 Comp. Laws.

Bennett, J.   This was an action upon a contract for the purchase of six copies of a book called "Yaggy's Anatomical Study." Upon the trial the defendants objected to the introduction of any evidence because the complaint did not state facts sufficient to constitute a cause of action against the defendants personally. The objection was sustained upon the ground that the contract upon which the action was founded was one made by the school township of Delmont, and that this action could not be maintained, because it is sought to recover of the defendants personally. The only question in the case is, are the defendants personally liable upon the contract on which the action is brought, taken in connection with the allegations of the complaint? In the consideration of this question we must look to the contract and complaint alone. The

answer, with all of its explanatory allegations in reference to the transaction or contract, can have no weight in determining it, in the attitude in which the record comes to us. At the outset of the trial the court permitted no evidence to be introduced in support of the complaint, and the question must be considered as though a demurrer had been interposed to the complaint, and its allegations are to be taken as true. The complaint is as follows: "* * * That on the 12th day af March, 1889, the defendants were members of the board of directors of the said school township of Delmont, and that the defendants constituted a majority of said board of directors at said date. (3) Plaintiff further alleges that on the 12th day of March, 1889, plaintiff sold to the defendants six (6) copies of Yaggy's Anatomical Study at the agreed price of thirty-five dollars each. That on the 12th day of March, 1889, the defendants executed a written agreement to the plaintiff, of which the following is in words and figures a true copy, towit: 'Agreement between the undersigned members of the board of directors of the school township of Delmont, in the county of Miner, and State of Dakota, and the Western Publishing House of Chicago, Illinois, for the goods specified on the back of this contract, to be shipped on or about March 20th, 1889, and delivered to the C., M. & St. Paul Company at Chicago, Illinois, properly packed and marked as specified. We, the undersigned, hereby order shipped to us, as named below, six copies of Yaggy's Anatomical Study, at thirty-five dollars each, provided a majority of said board sign this agreement. We agree to pay for the above named goods,———, A. D. 188–. The Western Publishing House agrees to ship said articles in good condition, C. O. D., as specified, on or about March 20th, 1889, and further agrees to accept in payment a registered order on the treasurer of said school township for the amount, with ——— per cent. interest, which order shall be payable August 1, 1889, at the nearest express office or bank in ———, where the Western Publishing House will send it for collection. Dated March 12, 1889. For and in consideration of the above agreement, the Western Publishing House guaranties that the goods shall in every respect

be equal to sample, otherwise the subscribers are not compelled to accept the same.   JACOB BACHMAN, WM. H. MERRILL, H. L. JOHNSON, N. FELLER, F. P. KAVANEY.'   On the back of said agreement is an order for shipment, of which the following is a true copy, towit:   'Western Publishing House, 315-21 Wabash Ave., Cor. Congress St., Chicago, Ill.—Gentlemen: Please ship by Milwaukee & St. Paul R. W. Co., to Jacob Bachman, of Winfred, county of Lake, State of Dakota, six Yaggy's Anatomical Study, at $35.00 each, in accordance with specification in contract on this sheet.   E. J. BATTAN, Agent.' (4) Plaintiffs further state that, in pursuance of foregoing agreement, they did on or about the 20th day of March, 1889, deliver to the C.. M. & St. Paul Ry. Co., at Chicago, Illinois, properly packed and directed, and marked to defendants, as specified in said contract, six copies of Yaggy's Anatomical Study, all in good condition, and all of the same being equal in every respect to the sample shown the defendants at the time the foregoing contract was made; that said goods above described reached Winfred, in Lake county, Dakota, in good condition, on or about the 23d day of March, 1889, directed as about stated.   That said goods were taken from the freight office at Winfred, and receipted for by the defendants; they paying freight charges.   (5) That the above account is still the property of the plaintiff; that said demand is due, and no part of the same has been paid; that the defendants have never delivered to the plaintiff a registered order on the treasurer of said school township of Delmont for the amount due on said contract, or for any amount; that the plaintiffs have demanded of the defendants a registered order on the treasurer of school township of Delmont for the amount due them on the contract above set forth; that the defendants have refused and still refuse to deliver to the plaintiff said order for the whole any portion of the same.   (6) Plaintiffs claim there is due them from the defendants on the above claim the sum of two hundred and ten dollars, with interest at the rate of 10 per cent from March 25, 1889.   Wherefore the plaintiff demands judgment against the defendants for the sum of two hundred and

ten dollars, with interest at 8 per cent from March 25, 1889, and costs."

The agreement made by the defendants, upon which the plaintiff seeks to recover, does not purport upon its face to be any other contract than one made by themselves. There is nothing in it that would indicate any other than their personal contract, except the words, "the undersigned members of the board of directors of the school township of Delmont," etc. Neither does it appear that the books sold or bought were for the use or benefit of the school township, or any one except the signers of the contract, nor that they had the authority or agency to purchase them for any institution, school or individual. On the face of the instrument, it clearly shows that they were the purchasers for their own benefit; for it says: "We, the undersigned, hereby order shipped to us, as named below, six copies of Yaggy's Anatomical Study, at thirty-five dollars each. * * * We agree to pay for the above named goods." The plaintiff agrees in the instrument to accept in payment an order or warrant issued on the treasurer of said township; but this stipulation does not have the effect to show that this is an obligation of the school township, any more than, if the obligors had promised to pay in county or state warrants, it would tend to make the county or state holden for the contract. Upon the face of the instrument the school township is not bound, nor do any of the allegations of the complaint tend to show any such intention on the part of either party to the transaction. When the goods arrived at Winfred the defendants received and receipted for them in their own names.

We are construing the complaint, and the contract upon which it is based, with no reference to any outside or extraneous facts or circumstances attending the execution of the contract, as set forth in the answer, because the answer and those facts have nothing to do with the question before us. What effect the allegations of the answer and the facts and circumstances surrounding the transaction may have, or how they may modify or alter the relations of the defendants in the contract, we are not called upon to say. Upon the question pre-

sented, we are only considering the sufficiency of the complaint to maintain an action against defendants. As it only is before us, we think the court erred in holding otherwise. The judgment is reversed, and the cause remanded for a new trial. All the judges concurring.