By the Court.—Freedman, P. J.
The plaintiffs, by their complaint, alleged : That by a lease, duly executed under the hands and seals of the parties, the defendant demised to them the six upper lofts (consisting of three in front and three in the rear) of the buildings known as No. 2374 Third avenue in the city of New York, to be used and occupied by the plaintiffs as a first-class lodging house or hotel for lodgers of the male sex only, together with the appurtenances, for the term of three years from May 1, 1891, at a certain yearly rent; that in and by the said lease the defendant covenanted that the plaintiffs, on paying the said yearly rent and performing their other covenants contained in said lease, should and might peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid ; that when said lease was executed the lower room of the building was unoccupied; that the only entrance to said demised premises then and now, from Third avenue, is by a hall about six feet wide, with a front door and stairs in the hall leading to the second story, which front door and hall are appurtenant to the demised premises, without which the said demised premises could not be used; that during the negotiations which led to the execution of said lease the defendant stated in substance to the plaintiffs, that he might want to rent said lower floor for a saloon, and would like to cut a door from said hall *241 into the lower room; that the plaintiffs then and there stated to the defendant that they would not hire the premises or execute said lease if such door was to be cut through or if the lower room was to be rented for a saloon; that the defendant then promised he would not do so, if the plaintiffs executed the lease, and thereupon the said lease was executed by both parties; that the demised premises have forty-four lodging rooms, and they are rented by the plaintiffs to respectable people only, for lodging purposes, and no beer or intoxicating drinks are sold on said premises, of which fact the defendant had due notice; that about July last the said defendant rented said lower room to one S. Buttner, who went into possession, and about October 1 commenced selling intoxicating drinks; that on the 15th day of October, 1891, said Buttner, or some one in his employ, without the consent of the plaintiffs, but with the permission of the defendant, cut an opening for a door from said hall into the lower floor or saloon, and placed a door therein ; that the plaintiffs immediately notified said defendant of the said door, and objected to the same and stated to him in substance that he would be held responsible if he did not have said door closed and keep the persons frequenting said saloon from entering the said hall; that ever since October 17th last the said saloon has been a disorderly house; that Buttner was succeeded by another tenant and that since that time the said room was kept partly as a resort for lewd women and partly as a pool-room; that lewd women and disorderly men have been in the constant habit of entering the said hall and passing through the said door into the said lower room and at times have been in the habit of making disorderly and loud noises and frequently as late as four o’clock in the morning ; that the plaintiffs protested against these occurrences but without success ; that it is necessary for the business of the plaintiffs that the front door leading from the street into said hall *242 should be unlocked during the day and most of the night to allow their guests to come and go as their business might require; that by reason of the occurrences complained of and the passage of the persons complained of through said hall, many of the plaintiffs’ guests, have been compelled to abandon the demised premises.
Upon these and other allegations not necessary to be specifically mentioned, including allegations of damages sustained and that the plaintiffs have no adequate remedy at law, the plaintiffs prayed that the defendant, his agents and tenants, be restrained from entering the hall leading from the front door to the upper stories occupied by the plaintiffs; that the said defendant be compelled to close up the door leading from said hall into the saloon or lower room of the building; that the plaintiffs recover their damages already sustained, etc., etc.
The defendant, by his answer, admitted the execution and delivery of the lease as alleged by the plaintiffs, but in all other respects denied the allegations of the complaint.
Upon the trial of these issues the learned judge, after hearing part of the testimony, offered by the plaintiffs, refused to hear the remainder and dismissed the complaint upon the ground that the lease did not give the exclusive use of the hallway to the plaintiffs and did not prohibit the cutting of a door from the hall into the saloon. This ruling seems to have proceeded upon the theory that the lease constituted the whole contract between the parties and that, inasmuch as the lease did not in terms grant to the plaintiffs the exclusive use and control of the hallway, evidence of a prior or contemporaneous oral agreement concerning said hallway was inadmissible and so far as it had been permitted to be given, had to be disregarded.
In this I think the learned trial judge erred.
The general rule which excludes conversations, negotiations, and parol agreements prior to the execution of *243 ' a written agreement relating to and springing out of such conversations, negotiations, etc., does not apply. (1) When the original contract, although verbal, yet was entire, and only a part of it was reduced to writing, in which case the part not so reduced can be proved by parol j and (2) When the consideration, or a consideration further than that expressed in the writing, does not appear in the writing, in which case the consideration, or the farther consideration, may be proved by parol. Hope v. Smith, 35 N. Y. Superior Ct. R., 458, affm’d 58 N. Y., 380.
So parol evidence is always admissible as to the meaning which the parties themselves attached to a particular word or phrase in the contract. Such evidence does not contradict or vary the terms of the written contract, but is explanatory thereof.
In the case at bar the lease was for the six lofts “ together with the appurtenances.” These words gave to the plaintiffs whatever was attached to or used with the premises, as incident thereto, and convenient or essential to the beneficial use and enjoyment thereof, and the plaintiffs took any easement or servitude used or en-with the demised premises. Doyle v. Lord, 64 N. Y., 432.
As the appurtenances were not specified, parol evidence was admissible to show their character and extent, and that being so, parol evidence was admissible to show that the parties, preparatory to the execution of the lease, met and discussed such character and extent, and agreed that the appurtenances should include all that they appeared to include and that the defendant would not make a change in such appearances in derogation of his grant, and that in strict reliance upon the promise of the defendant not to change the appurtenances as they then existed and were understood, the plaintiffs executed the lease.
Parol evidence to this effect was partly given and *244 partly offered to be given, but rejected. Moreover the plaintiffs did show that before the lease was executed, the parties did meet and had a discussion ; that in the course of it the defendant proposed that he should be allowed in express terms to be inserted in the lease to reserve the right of cutting a door from the hall into the saloon, and that the plaintiffs so strenuously objected to it, giving reasons for their objections, that the defendant expressly waived the point in plaintiffs’ favor.
Under all the circumstances as they appear at present, it must be assumed that the plaintiffs, if they had been permitted to give all the evidence which was competent under the issues within the rules above stated, would have made out a prima facie case entitling them, in the absence of evidence to the contrary, to some relief against the injurious use of the hall leading to their premises or of the side door cut from said hall into the adjoining saloon.
For the reasons stated the dismissal of the complaint constituted error.
The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Gildersleeve, J., concurred.