### THE POCONOKET.

### BACON v. THE POCONOKET et al.

(Circuit Court of Appeals, Third Circuit. November 14, 1895.)

No. 12.

PAROL EVIDENCE—CONTRACT FOR CONSTRUCTION OF VESSEL.

Where a written contract for the construction of a vessel does not embody the entire agreement of the parties, and is absolutely silent on the subject of when the title should pass to the purchasers, it is proper to receive oral evidence of a parol agreement in regard thereto, made before the execution of the written contract. 67 Fed. 262, affirmed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

This was a libel in rem by Nathaniel T. Bacon to recover the steamer Poconoket from the possession of the Interstate Steamboat Company. The cause was heretofore heard on a rule against libelant for security for damages and for increase of security for costs. 61 Fed. 106. Subsequently the libel was dismissed upon the merits (67 Fed. 262), and the libelant appeals.

Theodore Bacon and N. Dubois Miller, for appellant.

Edward F. Pugh and Henry Flanders, for appellee.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. We find no error in this record. The opinion of the court below sufficiently supports its decree. The main question was as to the admissibility of evidence of an oral agreement that the title to a certain steamboat should vest in the steamboat company before its delivery to that company under the written contract for building it. If this written contract, which was claimed to be the exclusive evidence, had been a complete and final statement of the whole transaction, or had made provision respecting the title to the boat while in course of construction, the question would have been quite differently presented. It however appeared that it did not embody the entire agreement of the parties, and was not intended to do so; and it is absolutely silent on the subject of title. It was by reason of these facts that the learned judge received and considered the oral evidence; and in doing so, as well as in the conclusion which he based thereon, he was clearly right. To the cases cited by him there may be added, and still without making the list an exhaustive one: Morgan v. Griffith, L. R. 6 Exch. 70; Angell v. Duke, L. R. 10 Q. B. 174; Lindley v. Lacey, 17 C. B. (N. S.) 578; Juilliard v. Chaffee, 92 N. Y. 529; Van Brunt v. Day, 81 N. Y. 251; Willis v. Hulbert, 117 Mass. 151. The decree of the district court is affirmed.