HARVARD PUB. CO. v. SYNDICATE PUB. CO.

(Circuit Court of Appeals, Third Circuit. June 5, 1899.)

ACTION ON CONTRACT—EVIDENCE TO ESTABLISH—QUESTION FOR JURY.

Where letters introduced in evidence by a plaintiff in proof of the contract sued upon do not constitute in themselves a completed contract, but merely negotiations with a view to a contract, and they are supplemented by oral testimony, it is proper to submit to the jury the question whether the contract alleged was in fact completed.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Thomas Darlington, for plaintiff in error.

John G. Johnson, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. Eighteen errors have been assigned in this case, but it is not necessary to consider them in detail. The brief on behalf of the plaintiff in error presents its actual contention in four points. The first and second of these points rest upon the assertion that the court below erred in holding that certain letters which were adduced in evidence did not of themselves constitute a complete contract. If they did not, the learned judge was clearly right in submitting to the jury whether, upon the whole matter, the contract alleged and sued upon had in fact been completed. The Poconoket, 28 U. S. App. 600, 17 C. C. A. 309, 70 Fed. 640. We have carefully examined these letters, and find in them nothing but negotiations having a contract prospectively in view. From them alone it would be impossible to state any perfect agreement. They do not disclose a full and final meeting of the minds of the parties. If there was a contract, it was partly in writing and partly oral.

Consequently the court below committed no error in declining to hold, as by several of the plaintiff's points it was requested to do, that a contract exclusively in writing had been established. The plaintiff, indeed, was not willing to rest its proof of contract upon the letters merely; for it introduced supplementary testimony, which, if the letters had constituted a complete contract, would have been both superfluous and irrelevant.

The complaint made of the action of the trial judge in declining to instruct the jury that, in the absence of a plea of accord and satisfaction, "the alleged transaction of January 22d, as to a settlement on that day, cannot be considered by the jury in that light," is not well founded. The testimony relating to this transaction was received without objection, and there was some cross-examination with respect to it. In our opinion, the court would not have been justified in directing the jury as the plaintiff requested. What it did say was, we think, entirely proper and appropriate, viz.:

"I may say, however, respecting this, that I have been more inclined to regard the evidence heard on this subject as bearing on the question whether the plaintiff at that time believed it had such a claim as it now sets up,—in other words, whether the claim is an afterthought,—than as evidence of a settlement of the claim made here. The parties were at that time settling an old account, and they introduced into it the cost of putting in the electric light and preparing the office for this business. They made no such claim then as is now set up, so far as my memory of the testimony goes,—though I leave it to you,—nor until this suit was brought. You have heard the testimony of the witnesses respecting what was said upon that occasion. The defendant sets it up as evidence that this matter was called up, and that any claim the plaintiff had against the defendant on account of what had taken place was settled. I repeat to you that I have regarded it, not so much as evidence of such a settlement, as evidence bearing upon the question whether the plaintiff then at that time believed it had such a claim,—believed that the contract now set up existed,—or whether this claim was an afterthought. You have heard the defendant's testimony in answer to the plaintiff's on this subject, and must determine, from a fair consideration of it, and of all that is before you, what weight should be attached to it."

The fourth point submitted by the plaintiff in error, that "the verdict was against the evidence," presents no question which is properly for consideration by this court. The judgment is affirmed.