## ANDERSON V. MATHENY *et al.*

Under Comp. Laws 1887, § 3545, providing that "the execution of a contract in writing * * * supersedes all oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument," the surety on a note cannot show by parol that he signed under an agreement that, in consideration of the surety's transfer to the maker of the former's interest in a firm composed of himself and the maker, the payee would proceed on a mortgage given by the maker, before requiring payment from the surety.

CORSON J., dissenting.

(Opinion filed July, 1 1903.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES. Judge.

Action by Gustav Anderson against Reid Matheny and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

*Hosmer H. Keith,* for appellant.

Parol evidence may be given to show that the obligation of the instrument has been discharged by the execution of a parol agreement collateral thereto or he may set up any agreement in regard to the note which makes its enforcement inequitable. Crossman v. Fuller, 17 Pick, 171; Trice v. Yeoman, 54 Pac. 288; Chaddock v. Vanness, 35 N. J. L. 517; Benson v. Post, 9 N. W. (Dak.) 684; Manufacturer's Furnishing Co. v. Kremer, 7 S. D. 463; Lawrence v. Fox, 20 N. Y. 268; Osborn & Co. v. Stringham, 4 S. D. 593; Meyer v. Davenport Elevator Co., 12 S. D. 172; Bank v. Guthrie, 78 N. W., 994; Rankin v. Mathieson, 75 N. W. 196; Mathewson v. Jones, Am. Dec. 647.

A party may show that the instrument relied upon was

17 S. D.—13

executed in part performance only of an entire oral agreement or that the obligation of the instrument has been discharged by the execution of a parol agreement collateral thereto or he may set up any agreement in regard to the note which makes its enforcement inequitable. Chapman v. Dobson, 78 N. Y. 74, Benton v. Martin, 52 N. Y. 572; Smith v. Mussetter, 59 N. W. 995.

The whole agreement was admissable in evidence on the part of the defendant. Greenleaf on Ev., Vol 1. 16th Ed., Sec. 284 A., and cases cited; Hope v. Balem, 58 N. Y. 380; Hutchinson v. Hebbard, 34 N. Y. 24; Batterman v. Pierce, 3 Hill 172, 178: Potter v. Hopkins. 25 Wend, 417; Barry v. Ransom, 12 N. Y. 462; Roberts v. Greig, 62 Pac. 574; Burke v. Dulaney, 153 U. S. 228; Hurlbert v. Dusenberry, 57 Pac. 860; Brewing Co. v. Barets, 48 Pac. 834; Ware v. Allen, 128 U. S. 591-596.

*Bates & Rogde* for respondent.

Section 3524 C. L. provides "The execution of a contract in writing whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Prior or contemperaneous verbal contracts or agreements cannot be shown, to in any way change or vary the terms of a written contract. Te Poel v. Shutt *et al*, 78 N. W. Rep., 288; Western Manufacturing Co. v. Rogers *et al*, 74 N. W. Rep., 849; First State Savings Bank, etc. v. Webster, 79 N. W Rep., 1068; Phelps v. Abbott, 72 N. W. Rep. 3; Black Hills Bank v. Kellogg, 56 N. W. Rep , 1071; Dean v. Bank, 50 N. W. Rep., 831; Hutchinson v. Cleary, 55 N. W. Rep.; 729; National Bank

v. Lang, 49 N. W. Rep., 414; N. W. Fuel Co. v. Burns, 45 N. W. Rep., 699; Plano Co. v. Root, 54 N. W. Rep., 924; Strunk v. Smith, 66 N. W. Rep., 926; Thompson v. McKee, 37 N. W. Rep., 367; Washabaugh v. Hall, 56 N. W. Rep., 82.

HANEY, P. J.   This action is founded upon two promissory notes, the same in all respects, except as to the date of maturity.   The following is a copy of one of them:   "Sioux Falls, S. D., July 1st, 1900.   No. 1.   Due Sept. 1st, 1900.   $100. Sixty days after date, we, or either of us, promise to pay to Almskog & Anderson, or order, one hundred and no–100 dollars, for value received, payable at Northwestern National bank, Sioux City, Iowa, with interest at the rate of 8 per cent. per annum from date until paid.   Unpaid interest shall bear interest at 8 per cent.   And if proceedings are commenced or completed to enforce the collection by suit or otherwise, we agree to pay a reasonable attorney's fee therefor as part of the costs of the same.   P. O., Sioux Falls, S. D.   L. J. Matheny. R. Matheny, Surety."   The plaintiff's ownership having been established, and the notes introduced in evidence, defendant Reid Matheny offered to show by parol testimony "that he signed the notes in question as surety with his codefendant, L. J. Matheny, under the following agreement made by him with the plaintiff in this action, who was then a member of the firm of Almskog & Anderson:   That the defendant Reid Matheny went to Sioux City, and asked to be released from an indebtedness which the firm of Matheny & Matheny was owing Almskog & Anderson; that they had personal property in their store and place of business in Sioux Falls worth from eight hundred to a thousand dollars, and that he (Reid Matheny)

wanted to go out of the business, and wanted to be released from the amount of indebtedness which the firm of Matheny & Matheny was owing Almskog & Anderson at that time, amounting to six hundred dollars; that it was then and there agreed between this defendant, Reid Matheny, and the firm of Almskog & Anderson, that if Reid Matheny would transfer all of his interests in the partnership property in Sioux Falls to his then partner; L. J. Matheny, and that L. J. Matheny would make and execute a chattel mortgage upon the stock of goods securing the notes to the amount of $400, that the firm of Almskog & Anderson would release him on $200 of that account, and that they would proceed against the mortgaged property to realize on the other notes before he should be asked to pay anything upon those notes, and, relying upon that agreement, he did transfer his stock of goods to his partner, Matheny; that his partner, Matheny, did make, execute and deliver to Almskog and Anderson a chatel mortgage upon the entire stock of goods and personal property for security on the $400 notes as they had agreed; that he did sign the notes— the two notes in suit—as surety under the aforesaid agreement; and that Almskog & Anderson have failed and refused to proceed against the property to collect their indebtedness on those notes as they agreed to do." This offer was rejected, all testimony relating to conversations between the parties at or prior to the execution of the notes was excluded, and the court directed a verdict for the plaintiff on the ground that the terms and conditions of the notes in suit could not be varied or contradicted by evidence of any parol agreement made prior to or at the time of their execution.

The universally recognized rule regarding the effect to be

given a written contract is thus expressed in our Civil Code: "The execution of a contract in .writing, whether the law requires it to be written or not, supercedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." Comp. Laws 1887, § 3545. Taken in connection with the law governing the obligations of sureties, which must have been in contemplation of the parties when these notes were executed, the terms of the written contracts then entered into, and the obligations then undertaken, by the defendant, are as clear, definite and certain as any language could express. Without attempting to show any fraud or mistake in connection with the execution of these plain and unambiguous written contracts, defendant now seeks to substantially change their terms and conditions by means of his recollection of conversations had with the payee of the notes at or prior to the time of their execution. It is to avoid just such controversies that persons resort to written evidence of their agreements, and, when they have done so, the law wisely precludes any reopening of the oral negotiations which led up to the written expression of their intentions. We think the testimony offered by defendant falls clearly within the rule excluding parol evidence to vary or contradict the terms of a written contract, and that it was properly excluded.

The judgment of the circuit court is affirmed.

CORSON, J. I am unable to concur with the views expressed by the majority of the court and will briefly state my reasons for dissenting:

The objection made to the introduction of the evidence of

fered was that usually made in this class of cases, namely, that the same tended to vary, change, and contradict the terms of written instruments. In view of the fact that the learned circuit court sustained the objection, I conclude that he regarded the evidence offered as inadmissable, under the general rule, and as in contravention of section 3545, Comp. Laws 1887, quoted in the majority opinion. This section substantially embodies the common law upon the subject. The appellant, while admitting the general rule as laid down by our Code and recognized by the common law, contends that this case comes within the exceptions, quite well established, that parol evidence is admissable to show an independent contract made as an inducement to the written contract (Downey v. Hatter (Tex. Civ. App.) 48 S. W. 32; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326), or within the exception that where there has been an oral contract, and a part, only, has been reduced to writing, the appellant may show the whole contract for the purpose of establishing the entire oral contract (Barker v. Bradley, 42 N. Y. 316, 1 Am. Rep. 521; Vanbrunt v. Day. 81 N. Y. 251; Juilliard v. Chaffee. 92 N. Y. 529). In the case of Vanbrunt v. Day, supra, decided by the Court of Appeals of the state of New York, an oral agreement made by the party to keep certain buildings insured until the mortgage which had been assigned to the plaintiff became due was admitted in evidence, notwithstanding that the mortgage itself was assigned in writing, with a guarantee of payment on the part of assignor; and the court held that the rule excluding parol evidence as varying or modifying written instruments did not apply, as the agreement set up was an independent collateral engagement upon a new consideration, which, if established, would not qualify or

change the guaranty, but simply give a right of action therefor as a counter claim. In the opinion the court says: "The defendant's guaranty was in writing, and was contained in the same instrument by which he assigned the mortgage. It was an absolute undertaking to pay the mortgage in the event of failure of the payment by the mortgagors. * * * * But the answer of the defendant, although inartificially drawn, in substance alleges that, at the time of the execution of the assignment and guaranty, the plaintiff, in consideration of being permitted to retain $300 out of the purchase money of the mortgage, and of the assignment to him by the defendant of a policy of insurance upon the premises, agreed to keep the premises insured until the mortgage should become due, which she neglected to do; that the building on the premises was destroyed by fire; and that by reason of such neglect the security of the defendant was lost. The court on the trial rejected proof of this agreement, and of the consideration therefor, offered by the defendant. The rejection is sought to be sustained on the ground that the written agreement is conclusively presumed to contain the whole engagement of the parties, and that the offer was an attempt to ingraft by parol a new term upon the written contract. But we are of the opinion that the rule referred to does not apply to the case. The writing was executed by the defendant alone. It was given in execution of his contract to assign the mortgage and guaranty its payment. The agreement was an independent collateral engagement, made by the plaintiff upon a new consideration, to keep the premises insured for the protection of the defendant. If established, it would not qualify or change the defendant's guaranty. Its breach would give a

right of action, available to the defendant as a counterclaim to
the extent of the damages sustained, in reduction or extinguish-
ment of his liability.    The cases sustain the defendant's claim
that the proof of the oral agreement would not violate the rule
that, when the agreement of the parties has been reduced to
writing, that alone is to determine their respective obligations.
Batterman v. Pierce, 3 Hill, 171; Hope v. Balen, 58 N. Y., 380;
Lewis v. Seabury, 74 N. Y. 409 [30 Am. Rep. 311]." In Juil-
liard v. Chaffee, supra, the Court of Appeals of New York
treated these various defenses exhaustively, and in the course
of the opinion the court says: "A party sued by his promisee
is always permitted to show a want of failure of consideration
for the promise relied upon, and so he may prove by parol that
the instrument itself was delivered even to the payee to take
effect only on the happening of some future event (Seymour
v. Cowing, 1 Keyes, 532; Bentin v. Martin, 52 N. Y. 570; East-
man v. Shaw, 65 N. Y. 522), or that its design and object were
different from what its language, if alone considered, would
indicate (Denton v. Peters, L. R. 5 Q. B. 474; Blossom v. Grif-
fin, 13 N. Y. 569 [67 Am. Dec. 75]; Hutchins v. Hebbard, 34 N.
Y. 24; Seymour v. Cowing, supra; Barker v. Bradley, 42 N. Y.
316, 1 Am. Rep. 521; Grierson v. Mason, 60 N. Y. 394; De La-
vallette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494.) He may
also show that the instrument relied upon was executed in part
performance only of an entire oral agreement (Chapin v. Dob-
son, 78 N. Y. 74, 43 Am. Rep 512), or that the obligations of
the instrument have been discharged by the execution of a
parol agreement collateral thereto (Crosman v. Fuller, 17
Pick. 171), or he may set up any agreement in regard to the
note which makes its enforcement inequitable." See, also,

Machine Co. v. Faulkner, 7 S. D. 369, 64 N. W. 163, 58 Am. St. Rep. 839; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; Ware v. Allen, 128 U. S. 590, 9 Sup Ct. 174, 32 L. Ed. 563.

It will be observed from the offer that Almskog & Anderson, in consideration for the transfer by the appellant of all of the copartnership property to his partner, and signing the notes as surety, agreed to accept a chattel mortgage on all of the partnership property, and to sell and dispose of such property when the notes became due, and to exhaust their legal remedies against the same before calling upon this appellant for the balance that might be due on the notes, and also that Almskog & Anderson violated this agreement, in that they neglected to foreclose the said mortgage, or to take any proceedings against the property. The appellant's transfer of his interest in the property, and his execution of the notes as surety, constituted a good and valid consideration for the collateral agreement of Almskog & Anderson. The only part of the agreement reduced to writing was the execution of the notes by L. J. Matheny, and the signing of the same by this appellant as surety. There was, as we have seen, a valid collateral agreement, founded on ample consideration, on the part of Almskog & Anderson, that they would proceed to enforce the payment of the notes against the copartnership property, and that they would not call upon this appellant, as surety, for the payment of the said notes, until they had exhausted their remedies against the property mortgaged. This latter contract in no way varies, changes, or modifies the contract embodied in the notes.

---

---

The appellant concedes that he is liable for the full amount due upon the notes under his contract of suretyship, and he insists that the evidence offered was not intended to in any manner vary, change, or contradict the terms of his contract as evidenced by the notes. But he does claim, however, that under his independent collateral contract with the plaintiff, made upon good consideration, by which he was induced to convey to his copartner all of his interest in the partnership property, and to sign the notes as surety, he is entitled to recover by way of counterclaim any damages he has sustained by reason of the breach of the collateral contract on the part of the said firm, and to have such damages deducted from the amount due from him on his contract as surety. I am of the opinion that the position of the defendant is clearly correct, and fully sustained by the authorities, if he was induced by the plaintiff to part with all of his interest in the property upon the agreement to apply the property to the payment of the notes when they became due, and he has violated the agreement. The appellant is clearly entitled to recover the damages he has sustained in this action by reason of the breach of the contract on the part of the plaintiff, or, in other words, to counterclaim the same against the amount due from him to the plaintiff on the notes in controversy.

In my opinion, the judgment of the court below and order denying a new trial should be reversed, and a new trial granted.