## SCHRINER v. DICKINSON, et al.

Rev. Civ. Code, § 1239, provides that the execution of a written contract supersedes its oral negotiations or stipulations concerning its matter. **Held,** that where the unambiguous terms of a written contract, did not indicate that one of the parties acted as the agent of an undisclosed principal, evidence of a contemporaneous transaction between the parties was inadmissible to show such relation.

Rev. Code Civ. Proc. § 136, provides that in construing a pleading, its allegations shall be liberally construed. The complaint in an action on a contract set out a copy thereof whereby defendant took from plaintiff an option on certain real estate, for $300 until a specified time, with a provision that if, at the end of that time, defendant failed to make a deal that would yield plaintiff $300 over the price plaintiff had paid, defendant should pay plaintiff $300, and it was alleged that plaintiff had performed all the conditions on his part, but that defendants had not sold or disposed of the land, and had failed to pay as required, notwithstanding demand. **Held,** that there was no error in overruling an objection to the introduction of evidence on the ground that the complaint did not show a cause of action.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Action by George Schriner against Isiah Dickinson and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*E. E. Wagner,* for appellants.

Where a contract is made by an agent and the principal is disclosed and the agent is known to be acting as such, the latter cannot be made personally liable unless he agrees to be so. Whitney v. Wyman, U. S. 25 Law Ed. 1050; Ames v. Holderbaum, C. C. 44 Fed. 224; Benson v. Post, Dak. 9 N. W. 684; Post v. Pearson, U. S. 27 Law. Ed. 774; Monticello Bank v. Bostwick, C. C. 71

Fed. 644. The rule that parole, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid, written instrument, was intended to guard against fraud and injustice by not permitting parties to deny their solemn agreements. * * * Yet it should not be invoked as shield to fraud, or be so applied as to work injustice. Osborn & Co. v. Stringham, 1 S. D. 412; 47 N. W. 409. As between original parties parole evidence is admissible to show the true intent and meaning of the persons entering into the same, when there is something on the face of the instrument that suggests a doubt as to the parties bound, and the court can, not by inspection, determine the question from the paper creating the obligation. Miller v. Way, S. D., 59 N. W. 467; Small v. Elliot, 82 N. W. 92; Aultman v. Gunderson, S. D., 60 N. W. 859.

Zollman & Kelso, for respondent.

Any evidence outside of a written agreement which would tend to take from it or add to it, varies the contract and is therefore inadmissible. Anderson v. Matheny, et al., 17 S. D., 225-229; Western Publishing House v. Murdick, 4 S. D. 207; Bryant v. Brazil, 3 N. W. 117; Wing v. Glick, 9 N. W. 384; Nat. German-American Bank v. Lang, 49 N. W. 414-416. Only when there is an ambiguity caused by some descriptive term being attached to the signature is parol evidence admissible. Powell v. Olson, 20 N. W. 247. When two parties enter into a written agreement they are presumed to have embodied all the conditions in that writing. Black Hills Nat. Bank v. Kellogg, 4 S. D. 312; Strunk v. Smith, 8 S. D. 407, 66 N. W. 926; Washabaugh v. Hall, 4 S. D. 168. Before two instruments can be construed as one, three elements must be shown: first, the same parties, second, same subject matter, and third, same time, or if these elements do not exist there must be a reference in one instrument to the other with such clearness that the instrument referred to can be identified. Rexford v. Marquis, 7 Lansing (N. Y.) 249-261; Graig v. Wells, 11 N. Y. 315-318; Reynolds v. Louisville, N. A. & C. Ry. Co., 40 N. E. 410-423; Comer v. Hiner, 47 Ind., 482; Baltzer v. Ry. Co. Sup. Ct. Rep. 216; Clark v. Neumann, 76 N. W. 892; Gilbert v. Moline Plow Co., 119 U. S., which case affirms 15 N. W. (Dak.) 1.

FULLER, P. J.   This appeal is from a judgment for $335, including interest and from an order overruling a motion for a new trial in an action arising on contract, a copy of which is given in the complaint as follows:

"This article of agreement, by and between I. Dickinson and Dan W. Dickinson, as parties of the first part, and George·Schriner, party of the second part, witnesseth: That the parties of the first part take an option on the following described real estate, namely: Southeast of nine (9), township one hundred and three (103), range fifty-eight (58), for the sum of three hundred dollars ($300) —until the first day of March ,1903, or, longer if by mutual, consent of both parties; which shall not be longer than the eleventh day of August, 1903. And it is further agreed that if at the end of that time should the parties of the first part fail to make a deal that will give the party of the second part a profit of $300 over and above the price paid by him, which is $5,000, the parties of the first part are compelled by this agreement to pay the said George Schriner the sum of $300.

> "Dan. W. Dickinson.          . [Seal.].
> "I. Dickinson.               . [Seal.]
>    : ; : :       · "Parties of the First Part.
> "George Schriner.       ·      [Seal.]
>            "Party of the Second Part."

It is further alleged that plaintiff has performed all the ·conditions on his part, that defendants have never sold or disposed of the land and have failed and refused to pay the above-mentioned amount which was due upon the 11th day of August, 1903, that demand therefor was duly made before the commencement of this action, and that plaintiff is still the owner and holder of such contract and entitled to the money due thereon.   The legal sufficiency of the alleged facts to constitute a cause of action being the first questioned at the trial by an objection to the introduction of any evidence on the part of respondent, no greater latitude was indulged in sustaining the complaint, by overruling such objection, than is justified by the statute and the uniform decisions of this court.   Section 136, Rev. Code Civ. Proc.; Stutsman County v. Mansfield et al., 5 Dak. 78, 37 N. W. 304; Johnson v. Burnside, 3

S. D. 230, 52 N. W. 1057; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915; Finch et al. v. Park et al., 12 S. D. 63, 80 N. W. 155.

Appellants admit the execution of the contract, but deny liability thereon for the alleged reason that they entered into the same as the agents of A. G. Hahn and that respondent knew that they were thus acting in his behalf. Confessedly, there is nothing upon the face of the contract or affixed to the signature of either appellant to indicate that he acted in a representative or fiduciary capacity in creating the obligation made the basis of the action but a reversal is urged on the theory that parol testimony was competent to prove such a relation by showing a contemporaneous transaction in which appellants acted as the agents of Mr. Hahn in selling respondent the land and that both contracts were made subject to the approval of Hahn. Now the unambiguous recitals of their contract plainly refute the suggestion that they were acting as the agents of such undisclosed principle, or otherwise than for themselves, and the case of Western Publishing House v. Murdick, 4 S. D. 207, 56 N. W. 120, 21 L. R. A. 671, is conclusive upon the point that such written instrument cannot be thus contradicted, and the testimony offered would constitute no valid defense to the action. Section 1239, Rev. Civ. Code; Western Publishing House v. Bachman, 2 S. D. 512, 51 N. W. 214; Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82; Lewis v. St. Paul, M &. M. Ry. Co., 5 S. D. 148, 58 N. W. 580; Schmitz et al. v. Hawkeye Gold Mining Co. et al., 8 S. D. 544, 67 N. W. 618; Anderson v. Matheny et al., 17 S. D. 225, 95 N. W. 911.

The general rule is that parol testimony is inadmissible in such cases and in order to invoke the exception here contended for there must be something expressed in, or omitted from the contract which creates such a doubt that the court cannot determine who is obligated as a matter of law, and the oral testimony must be explanatory, and not contradictory of the written instrument. 17 Cyc. 673 to 675, inclusive. It may be granted, as claimed by counsel for appellants, that at the time the contract in suit was executed by his clients, and in connection with such transaction a contract for the sale of the land to respondent was entered into by A. G. Hahn, through their agency, but the parties and capacity in which they

acted being entirely different, the oral testimony relating to the latter contract, which contains no reference to the subject of this action, was wholly incompetent. It was so determined by the territorial court in a case similar to this upon principle, and its decision was sustained on appeal for the reason that the contract in that action was complete, and could not be changed by importing into it any additional agreement pertaining to the subject in controversy. Gilbert v. Moline Plough Co., 119 U. S. 491, 7 Sup. Ct. 305.

From an examination of the entire record we are convinced that no errors of law occurred at the trial and that the verdict in favor of respondent was properly directed. The judgment appealed from is therefore affirmed.