CORDELIA A. LEWIS, Respondent, *v.* JAMES M. SEABURY, Appellant.

Defendant leased to plaintiff certain premises wherein the business of a bakery was, and had been for a long time carried on, and sold to plaintiff the good-will of the business. Plaintiff went into possession and continued the business without interference. In an action to recover the sum paid for the good-will, because of alleged failure of consideration through the wrongful acts of defendant. *Held*, that a vacating of the premises by the previous tenant and a discontinuance of the business for a week or two before the commencement of plaintiff's term, and a removal of the fixtures, requiring the employment of workmen by the plaintiff for "nearly a week" after she took possession in refitting, was

not evidence of failure of consideration, in the absence of any proof that the value of the good-will was thereby diminished.

The lease was in writing; it contained no stipulation as to fixtures, but provided that plaintiff should make all necessary "improvements and repairs" necessary to be made on the premises during the continuance of her term. Plaintiff's evidence tended to show that defendant, for a consideration independent of the lease, promised that certain fixtures then on the premises should remain for plaintiff's use. These fixtures were removed by the outgoing tenant, defendant promised to replace them, but did not, and plaintiff replaced them at her own expense, defendant agreeing to make it right. Plaintiff claimed to recover the sum expended. *Held*, that plaintiff was not precluded by the lease from proving the parol agreement; that it might be sustained as a previous distinct collateral agreement upon an independent consideration which was not merged in the lease.

*Johnson* v. *Oppenheim* (55 N. Y., 280), distinguished.

(Submitted June 19, 1878; decided September 24, 1878.)

APPEAL from order of the General Term of the City Court of Brooklyn, reversing a judgment in favor of defendant, entered upon an order dismissing complaint on trial, and granting a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*John C. Perry*, for appellant. If defendant agreed to make repairs not contemplated by the lease it would be void for want of a new consideration. (*Walker* v. *Gilbert*, 2 Robt., 5; 1 Swe., 25; 43 How. Pr., 33; *Speckler* v. *Sax*, 1 E. D. S., 253; *Post* v. *Wetter*, 2 id., 248.)

*James W. Ridgway*, for respondent. The court erred in granting the motion for a nonsuit. (*Labar* v. *Koplen*, 4 N. Y., 547; *Brown* v. *Mohawk and H. R. R. R. Co.*, 1 How. App. Cas., 576.)

HAND, J. Two causes of action are stated in the complaint. First. That on the 31st of March, 1875, the defendant leased to the plaintiff certain premises in the city of Brooklyn, described in the lease, for three years from the first of May

then next. That at the time the lease was executed, the premises were in good order, with gas fixtures, shelving, and other fixtures, suitable and ready for immediate use in the business of a bakery, and the defendant represented to the plaintiff that these were appurtenant and belonged to the premises. That at the commencement of the term, the shelving and fixtures had been removed with the knowledge of the defendant and without the consent of the plaintiff, and the premises were in bad condition. That the defendant promised the plaintiff to replace these things and refit the premises, and the plaintiff entered into possession upon the faith of this promise, but the defendant neglected to replace or refit, and the plaintiff was compelled to and did at the request of the defendant replace some portion, and expended the sum of $100, which the defendant has not repaid and for which he remains indebted to the plaintiff, "to the damage of the plaintiff of the sum of $100."

Second. As a further and separate cause of action, it is alleged that at the time of the lease the defendant agreed to transfer to the plaintiff the good-will of the bakery business, then carried on on the premises, for the price of $1,000, and the plaintiff purchased the good-will for that price. That the good-will was destroyed by the wrongful acts of the defendant, and the consideration for the $1,000 wholly failed, to the damage of the plaintiff $1,000.

There does not appear to have been any amendment of the pleadings at the trial or request for amendment, and if the direction to the case given by the court was correct upon them as they stood, it was not proper for the General Term to reverse.

Assuming that sufficient evidence was given by the plaintiff of a valid contract of sale of the good-will of the business to her, there was no proof of any breach of this contract or any failure of the defendant with regard to it. The plaintiff went into possession, continued the business, enjoying the good-will without interference or diminution for aught that appears, for nearly a year, and then herself sold out, for-

about $1,000 in land and money, the good-will, fixtures and lease to another.

A vacating of the premises by the previous tenant a week or two before the commencement of plaintiff's term, and his removal, whether rightful or wrongful, of the fixtures and the necessary employment of workmen by the plaintiff, for "nearly a week," after she took possession, substituting other fixtures for those removed, and refitting the place, cannot be held evidence of a failure of the consideration paid for the good-will, especially in the absence of any proof that the value of the good-will was thereby at all diminished. If it be said that the case shows that Lippincott, the previous tenant, had purchased and owned the good-will of the business during his term, it does not follow that he had or ever claimed any right in it after the expiration of his term and the commencement of that of the plaintiff; and, indeed, she, as we have seen, enjoyed it and sold it, without interference or hindrance, to Colwell.

The judge, at the trial, was therefore right in nonsuiting as to the second and principal cause of action of the plaintiff.

As to the first cause of action, there is greater difficulty. It was proved that certain fixtures, in the place at the time of the execution of the lease, had been originally bought by the plaintiff, when previously occupying the bakery, from one Immerschitt, an earlier tenant; that she had sold them, with the good-will of her term, to Lippincott, when he came in after her; and that Lippincott took them off when he left the premises, claiming under the bill of sale from her. The plaintiff also gave evidence tending to show — that when negotiating with the defendant for the present lease, she objected that the fixtures belonged to Lippincott, by his previous purchase from herself, and that perhaps he would take them away; that the defendant replied that they were annexed to the premises and belonged to him, and she had no right to sell them to Lippincott or the earlier tenant to sell them to her, and that Lippincott should not move them, and he would see that all would be right; that for

this promise, together with the sale of the good-will, she paid the defendant a consideration entirely aside from the rent or anything stipulated in the lease to be paid by her; that, after Lippincott had removed the fixtures, the defendant again told the plaintiff, before she entered into possession, not to go near the place, and that he would see everything would be right for her; and that subsequently, after she had gone into possession and had expended about $150, in repairing and putting in fixtures, upon his demand of the rent and her refusal at first to pay it, he again said he would make everything right. All this was strenuously denied by the defendant; but, if sufficient to authorize any specific recovery, raised a question for the jury.

The lease was in writing and contained no stipulation of the defendant as to fixtures, but a clause that the plaintiff should make all "improvements and repairs" necessary to be made on the premises *during the continuance of her term*, and that she should at the end of the term leave on the premises all the repairs and improvements that may have been made or put on the same. It is insisted by the defendant that this writing is conclusive of the contract and precludes any evidence of the oral agreement as to fixtures.

The case is undoubtedly very near the line, but I am inclined to think that such parol agreement was a separate and independent one, touching a subject not covered by the lease, and made for an independent consideration paid by the plaintiff, not stipulated for or referred to in the lease. The promise that certain specific fixtures then on the premises should be retained and remain there, so that the plaintiff might enjoy the benefit of them, if she took the lease, may be sustained as a previous distinct collateral agreement upon a collateral and independent consideration, which did not merge in the subsequent written contract of hiring. (See *Erskine* v. *Adeane*, L. R., 8 Ch. App., 756; *Morgan* v. *Griffith*, 6 Exch., 70; *Hope* v. *Balen*, 58 N. Y., 380.) The case is distinguishable from such cases as *Johnson* v. *Oppenheim*, (55 N. Y., 280) where the parol agreement necessarily

affected the premises themselves, and if admitted, would have varied the terms of the instrument as to the identical property leased.

It is insisted, however, by the defendant that there is no proof but that the fixtures were so annexed to the building as to belong to the defendant as he claimed, and consequently that he did give good title to the plaintiff, and she could have recovered them from Lippincott or restrained him from removing them. But, on the trial, the defendant distinctly disclaimed, on oath, being the owner or having any claim upon the things removed by Lippincott, and stated he presumed Lippincott to be the owner.

On the whole, therefore, I am led to the conclusion that the evidence did authorize the jury to find that there was a breach of a valid contract by the defendant and a cause of action arising thereon. It is not necessary to decide that the amount expended by the plaintiff in putting in the new fixtures, which she afterwards sold to Colwell with the lease, furnishes any measure of the damages she is entitled to recover for the breach of this contract of the defendant.

The nonsuit being wrong as to the first cause of action, the order for a new trial must be affirmed, with judgment absolute, upon that cause of action, against the defendant, under his stipulation.

All concur, except Miller and Earl, JJ., absent.

Order affirmed, and judgment accordingly.