(13 App. Div. 592.)

## HUTZLER v. RICHTER et ux.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

PAROL CONTRACTS—MERGER IN SUBSEQUENT WRITING—COLLATERAL CONTRACTS.

A parol contract by a vendor to transfer to the purchaser an insurance policy for $700 on the property sold, and to hold it for his benefit until a purchase-money mortgage to be given by the purchaser is paid, is independent of and consistent with a provision in the mortgage that the purchaser shall keep the property insured for $700 for the benefit of the vendor, and therefore the purchaser may have his damages by a breach of the parol contract set off against the mortgage. Green, J., dissenting.

Appeal from special term, Erie county.

Action by John Hutzler against Julius Richter and Pauline Richter, his wife, to foreclose a mortgage. From a judgment entered on a decision of the trial judge directing a foreclosure and sale, defendants appeal. Reversed.

This action was brought by the plaintiff to foreclose a mortgage given by the defendants to secure the payment to him of the sum of $800, with interest thereon. An answer was interposed to the plaintiff's complaint, and the issues raised thereby were tried by the court without a jury. Upon such trial the facts found by the trial court were undisputed, and they are substantially as follows: Upon the 18th day of October, 1893, the plaintiff, being then the owner in fee of the premises described in the complaint, conveyed the same to the defendants for the sum of $1,200, $400 of which sum was paid in cash, and the remainder was secured by the bond and mortgage in suit, which instruments contained a provision to the effect that the whole sum of principal and interest secured thereby should, at the plaintiff's option, become due and payable at the expiration of 30 days after any default in the payment of any portion of the principal or interest which might become due thereon; and the further provision that the mortgagors should keep the buildings on the premises described in the mortgage insured against loss or damage by fire, for the benefit of the mortgagee, in a sum not less than $700. At the time of the conveyance of the premises to the defendants the plaintiff was the owner of a policy of insurance upon the buildings standing thereon, issued by the Erie County Mutual Insurance Company; which policy was so issued upon the 26th day of August, 1892, for the term of three years, and insured such buildings against loss or damage by fire in the sum of $700. As an inducement to the defendants to purchase the premises, and as a part consideration for such purchase, the plaintiff verbally agreed to have this policy of insurance transferred to the defendants, as owners, and made payable to him, as mortgagee, he to retain possession of such policy until his mortgage was paid. It is further found that the insurance company which issued the policy would have consented to a transfer of the same to the defendants, as owners, and made it payable to the plaintiff, as mortgagee, had the latter presented the same to it for that purpose. That the defendants, relying upon the verbal promise of the plaintiff, did not procure any insurance upon the buildings, upon the premises purchased by them. That thereafter, and on the 6th day of April, 1895, the buildings upon the premises were totally destroyed by fire, without any fault or negligence of the defendants; and that they were worth not less than $750. That a few days after the fire the defendants learned from the plaintiff, for the first time, that he had omitted to have the policy of insurance

transferred to tnem, and that for this reason, by the terms of the policy, the insurance company had been relieved from any liability thereunder. That thereafter, and on the 28th day of May, 1895, the defendants tendered to the plaintiff the sum of $110, which was the amount then due and payable of principal and interest upon the bond and mortgage in suit, over and above the $700 covered by the policy of insurance, which tender the plaintiff refused to accept; and that the money so tendered has since been kept good. Upon these facts the learned trial court held as matter of law that the written agreements of the parties, as contained in the bond and mortgage, superseded the verbal agreement to transfer the policy of insurance, and rendered the same of no force or effect. An exception was duly taken to the decision of the trial court, and from the judgment subsequently entered this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Henry W. Brendel, for appellants.
W. C. Miner, for respondent.

ADAMS, J. The decision of the learned trial court was manifestly made to rest upon the assumption that the verbal agreement established by the evidence, if given any force or effect, would conflict with the rule which prohibits parol evidence to explain, vary, or contradict a written instrument; and, if such was the necessary result of investing that agreement with validity, the court was undoubtedly correct in its conclusion. The rule adverted to is one which, while subject to modification in cases where fraud or injustice are attempted, as where it may be shown by parol that an instrument is not what it purports to be; or, in another class of cases, where an instrument obviously incomplete in itself may be rendered complete and efficient by resort to parol proof,—is, nevertheless, one which in its essential features has been long applied, and is still preserved in its integrity by the courts of this state. The opinions in the case of Thomas v. Scutt, 52 Hun, 343, 5 N. Y. Supp. 365, affirmed 127 N. Y. 133, 27 N. E. 961, may be referred to as containing an exhaustive and instructive statement of the principle which lies at the foundation of this rule, as well as of the circumstances which will warrant any departure from its strict enforcement. And a careful examination of that case will also, as we think, make it perfectly clear that the rule adopted by the trial court has really no application to the case now under consideration; for the covenant to insure which is written into the mortgage in suit is one which, upon its face, leaves nothing to be supplied in order to render it complete and entire; nor can it be claimed that it is not precisely what it purports to be; and, in our view of the matter, its terms and requirements will be in no sense varied or contradicted if full effect be given to the agreement which was not reduced to writing. If, then, the verbal agreement does not conflict with, and is not merged into, the written one, obviously the principle upon which it must be sustained, if at all, is that it constitutes a collateral contract, separate and distinct from the one which is contained in the mortgage; it being well settled that proof of an independent, contemporaneous oral contract, even though it relates to the same subject-matter, in no

manner violates the rule we have been considering. Tayl. Ev. §§ 1038–1040; Batterman v. Pierce, 3 Hill, 171; Lewis v. Seabury, 74 N. Y. 409; Thomas v. Scutt, supra. Let us endeavor, therefore, to determine from the established facts of this case, whether these two agreements are to be treated as dependent or independent contracts. When the defendants purchased the premises in question of the plaintiff, they also, it seems, purchased something else of value, which was a policy of insurance for $700, having nearly two years to run. And the plaintiff agreed that, if the defendant would pay him his price for the land, he would let him have this policy, and would, moreover, see that it was properly transferred to them, so that they could have the full benefit thereof. Here, then, were all the essentials of a valid contract; and in reliance thereon the defendants made their purchase, paid a portion of the purchase price in cash, and secured the remainder by their bond and mortgage, in which they agreed, by way of additional security, to keep the buildings upon the premises insured in the amount of $700. This contract of insurance does not provide how the insurance indemnity is to be furnished, whether by means of a separate policy or the one already existing, which the plaintiff was to retain in his hands until the mortgage was paid. In either event, the condition would have been fulfilled, and, had the defendants procured another policy in a different company for the like amount, they would unquestionably have had the right to avail themselves of whatever benefit might accrue to them from the ownership of the policy which the plaintiff sold to them. They could have retained it for what it was worth by way of additional insurance, or they could have surrendered it, and obtained whatever rebate they were entitled to receive thereunder. This fact alone would seem to furnish a complete demonstration of the correctness of the idea we are seeking to develop, which is that the verbal contract was not only supported by an adequate consideration, but it was one which was also capable of absolute fulfillment, without interfering with the obligation under which the defendants rested to make good the covenant contained in their mortgage. It follows, therefore, that it was a distinct and independent agreement, for the breach of which some redress should be afforded; and when we come to consider the remedy available to the defendants we are furnished with still another test by which the principal question in this case may possibly be determined.

The plaintiff seeks by this action to foreclose his mortgage, claiming a certain amount to be due thereon, and this is not denied by the defendants; that is, they do not claim to have paid anything upon the mortgage, beyond what the plaintiff concedes has been paid; but they do insist that they have been damaged by the plaintiff's breach of the contract made contemporaneously with their mortgage, and growing out of the same transaction, in consequence of which they ask to recoup such damage, and to have the same applied in liquidation of the amount due upon the mortgage. If we are correct in the view which we take of this case, the plaintiff's failure to secure to the defendants the benefits of the policy

which he had sold to them constituted a breach of his contract,. for which a separate action would lie. And, this being the case,. we fail to see why the damage occasioned by such breach, whatever it may prove to be, is not the proper subject of recoupment in this action. Batterman v. Pierce, supra; Van Brunt v. Day,. 81 N. Y. 251; Acer v. Hotchkiss, 97 N. Y. 395.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur, except GREEN, J., dissenting.

GREEN, J. (dissenting). The original agreement of the parties relating to the insurance upon the property is in writing, and contained in the mortgage. It was provided in and by this instrument that the mortgagors should keep the buildings erected upon the lands described in the mortgage insured against loss by fire; that they should assign the policy to the mortgagee, his executors, administrators, or assigns. This writing, upon inspection, appears to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties concerning the insurance. The subject of this contract is the insurance of the buildings upon the premises covered by the mortgage. There is nothing to be explained or added to the same to make it a complete contract. It fully indicates the intention and design of the parties thereto. In such a case the presumption of law arises that the written instrument contains the whole of the agreement, and there can be no question from the instrument itself but that the writing was intended by the parties as a repository of their agreement concerning this insurance. It is contended by the appellants, and, at their request, the court found as follows:

"That it was mutually verbally agreed between the plaintiff and the defendants, at the time the said premises were conveyed as aforesaid, that the defendants should pay to the plaintiff the sum of four hundred dollars in cash, and execute and deliver a bond and mortgage, with a tax, insurance, and interest clause for eight hundred dollars, payable as set forth in the complaint; and, as part of the consideration for the buying of said premises by the defendants from the plaintiff, he, the plaintiff, was to assign and transfer the said policy of insurance to the defendants."

This parol agreement is inconsistent with the terms of the written agreement, which, as we have seen, is full and complete upon the subject of insurance. By the terms of the written agreement, the mortgagors were to procure the insurance on the buildings upon the premises described in the mortgage, and assign the same to the mortgagee. By the terms of the parol agreement, it appears that the claim of the defendants is that the mortgagee should obtain the policy of insurance, and that he should assign the same to the mortgagors. In Seitz v. Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, Fuller, C. J., stated the rule as follows:

"Undoubtedly, the existence of a separate oral agreement as to any matter on which the original contract is silent, and which is not inconsistent with its terms, may be proved by parol, if, under the circumstances of the particular case, it may properly be inferred that the parties did not intend the written paper to be a com-

plete and final statement of the whole transaction between them. * * * It must not be so closely connected with the principal transaction as to form a part and parcel of it. When the writing itself, upon its face, is couched in such terms as comport a complete legal obligation, without any uncertainty as to the object and extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing."

The defendants, as it appears to me, attempted by this oral agreement to add another term or condition to this contract, and to render inoperative the terms of the written contract. "Both at common law and in equity, one who sets his hand and seal to a written instrument, knowing its contents, cannot be permitted to set up that he did so in reliance upon some verbal stipulation, made at the time, relating to the same subject, and qualifying or varying the instrument which he thus signs." Wilson v. Deem, 74 N. Y. 531. The appellants rely upon the case of Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, as holding that collateral agreements are not included in the established rule excluding parol evidence tending to vary, modify, or extend a written contract, because they are separate, independent, and complete contracts, although relating to the same subject; but it was held in that case that they are allowed to be proved by parol because they were made by parol, and no part thereof committed to writing. That rule is not applicable to the question at bar, as it appears from the written instrument itself that the entire contract concerning the insurance was committed to writing; and the purpose of this parol agreement is to modify and change the contract, so that the mortgagee, instead of the mortgagors, shall do that which the mortgagors themselves agreed to do, as shown by the written covenant. This agreement appears to be of a complete and comprehensive character; and the verbal agreement, if given force and effect, would conflict with the rule prohibiting parol evidence to explain, contradict, vary, or change a written instrument. The learned trial court took this view of the case, and decided the same in accordance therewith. His decision is, in my opinion, fully upheld in the following cases: Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Case v. Bridge Co., 134 N. Y. 78, 31 N. E. 254; House v. Walch, 144 N. Y. 418, 39 N. E. 327; Maher v. Garry, 3 App. Div. 487, 496, 38 N. Y. Supp. 436, 448; Lewis v. Yagel, 77 Hun, 352, 28 N. Y. Supp. 833; Van Mater v. Burns, 76 Hun, 3, 27 N. Y. Supp. 624; Emmett v. Penoyer, 76 Hun, 556, 28 N. Y. Supp. 234; Woodard v. Foster, 64 Hun, 148, 18 N. Y. Supp. 827; Store Co. v. Hartung (Com. Pl.) 19 N. Y. Supp. 233; Gerard v. Cowperthwait, 2 Misc. Rep. 371, 21 N. Y. Supp. 1092, affirmed 143 N. Y. 637, 37 N. E. 827; Hall v. Beston, 16 Misc. Rep. 528, 38 N. Y. Supp. 979. Lewis v. Seabury, 74 N. Y. 413, is clearly distinguishable. The court said it was "very near the line."

I am of the opinion that the judgment herein should be affirmed, with costs.