(21 App. Div. 129.)

COSGRIFF et al. v. DEWEY.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. TENANTS IN COMMON—INJURIES TO FREEHOLD—QUARRYING STONE.

If a tenant in common quarries and removes rock from the premises, he thereby becomes liable to account to the co-tenant for his damages and the profits of the transaction, although there was no ouster of the co-tenant, and the rock existed on the premises in practically inexhaustible quantities, and the premises were increased in value by reason of said acts.

2. SAME—LIABILITY TO ACCOUNT.

Defendant quarried trap rock on premises owned in common with plaintiff, and left it there uncrushed. Later he sold personal property about the quarry, including this rock, to a third person, who transferred it to plaintiff, by whom it was crushed and sold. *Held*, that where no payment was made for it, either by the third person or by plaintiff, defendant could not be charged therefor, in accounting with plaintiff, since plaintiff received the benefit of it, and no liability attached to defendant for the mere severance of rock from the premises, in the absence of damages to the freehold.

3. BILLS OF SALE—CONSIDERATION—PAROL EVIDENCE.

Where a bill of sale was silent on the subject of consideration, it was competent to show by parol what the agreement was in that respect.

Appeal from judgment on report of referee.

Action by Andrew Cosgriff, Wilson P. Foss, and Jacob E. Conklin against William Dewey. From an interlocutory judgment directing an accounting, and from an order confirming the report of the referee and directing judgment against defendant, and from the judgment entered upon such order, defendant appeals. Reversed, except as to the interlocutory judgment.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

J. Du Pratt White and Arthur S. Tompkins, for appellant.
Irving Brown, for respondents.

HATCH, J. The complaint avers that the plaintiffs are the owners of an equal, undivided nine-sixteenths part of certain premises, consisting of about 96 acres of land lying in the town of Clarkstown, in the county of Rockland; that the lands are of a mountainous character, adapted to the quarrying of trap rock, which is manufactured into crushed stone; that between March 1, 1892, and about December 1, 1892, the defendant was the sole occupant in possession of the premises, and quarried and manufactured into crushed stone large quantities of trap rock, which he carried away and sold, realizing therefrom large profits, which he has retained to his own use, and refuses to make any account therefor to the plaintiffs; and that the plaintiffs have received no rents, issues, or profits from the

premises or from the quarry during said period. The plaintiffs ask judgment, inter alia, for their proportion of the rents, issues, and profits, and for an accounting to determine the same. Upon the trial the averments of the complaint were sustained by the proof, to the extent of showing that the defendant had opened a quarry upon the property, and had removed therefrom large quantities of trap rock, which he crushed and sold, receiving therefor a considerable sum of money. It also appeared without dispute that the quarry occupied but a small portion of the property, and that the defendant did not exclude the plaintiffs from the enjoyment of any portion or part of the premises, and the same were at all times open to them, and available for occupancy. There ran through the whole property a vein of trap rock, and it exists in practically inexhaustible quantities. The only purpose for which the premises can be used to advantage is for quarrying this rock. The court, upon the trial, held that the defendant was liable to the plaintiffs for a proportionate amount of the rock removed, less the cost and expenses of removal, and ordered a reference to take an account. Upon the coming in of this report the court modified the same, and, as modified, confirmed it, and judgment thereon was entered in favor of the plaintiff for the sum of $8,972.20.

Upon these facts it is contended that no liability is established against the defendant. The ground of excuse sought to be invoked is that a tenant in common is not liable for mesne profits to his co-tenants for the ordinary use and occupation of the common premises, in the absence of an agreement to pay, or for the ouster or exclusion of the co-tenant, unless there has been the commission of waste. Such, undoubtedly, is the general rule; and, as applied to the ordinary use and occupation of lands, the law is well settled, and is supported by a long line of decisions. But this rule does not apply to a case where the occupant removes a part of the freehold itself. The distinction is made to rest upon the ground that the act of removal diminishes and takes away the common property, and therefore liability is created to account to the co-tenant for his damage and the profits of the transaction. McCabe v. McCabe, 18 Hun, 153. The law of this case met the approval of the general term in this department in Muldowney v. Railway Co., 42 Hun, 444, and has been cited with approval elsewhere. Abbey v. Wheeler, 85 Hun, 226, 32 N. Y. Supp. 1069. In Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770, the question was not involved. The court in that case refused to adopt the law upon the subject of exclusive occupancy by one co-tenant as announced in Scott v. Guernsey, 48 N. Y. 106, which seems to have come in conflict with established law. Although the McCabe Case was cited in the Rich Case, its doctrine was in no respect criticised, and its facts were essentially different. We think the McCabe Case was well decided, and that it expresses the true rule, which is well sustained both in principle and by authority. The defendant relies upon the case of Le Barron v. Babcock, 122 N. Y. 153, 25 N. E. 253. There was nothing in this case to take it out of the usual rule applicable to the ordinary use and occupation of the common premises by one co-tenant, and the court,

in its decision, was not called upon and did no more than apply such rule to the facts of that case. It is not in conflict with the rule which is applicable here. No force can be given to the contention that there was no ouster of the co-tenants, and that they possessed the right to remove the rock if they saw fit. Liability does not depend upon such fact, nor is it affected by reason of its existence. Liability is predicated upon the act of the defendant in removing the stone. It constituting a part of the freehold, the plaintiffs were entitled to have it remain where it was; and, if the defendant saw fit to take it away, he must answer to his co-owners for its value, to the extent of their interest therein. Nor can the defendant avail himself of the fact that the rock is practically inexhaustible, or that his acts added value to the property as a whole. This conferred upon him no right of removal. The fact remained that the rock removed diminished the quantity, and was of value, and it is those elements that create the liability.

The claim for personal service, although rejected by the referee, was allowed by the court, and it seems to have acted upon the only evidence furnishing any substantial ground for such allowance. The lump sum of $1,000 a month for service and expenses could not be allowed upon any basis furnished by the evidence, as the defendant was unable to say how much was for expense and how much for service. The court was therefore compelled to rely upon the only fairly-certain rule, of 5 per cent., which was testified to be the value for selling. We are not to be understood as committing ourselves to the doctrine that allowance could legally be made for personal service rendered by the defendant. There is no doubt of its propriety in this case, if the law sanctions it, upon which subject we express no opinion. It is sufficient for the present purpose to say that a sum has been allowed, and plaintiffs do not complain. It should therefore stand. More we cannot add, under the proof, if we possessed the power.

The defendant has been charged with the sum of $1,638.75, being the value of the stone which he left upon the premises when he was served with an injunction requiring him to cease operations unless he gave a bond to his co-tenant. This he declined to do, and ceased to quarry stone or sell the same from that time. The item represents the stone quarried and upon the premises at the time, uncrushed. Subsequently the defendant sold the personal property in and about the quarry to one Guion, who, it is claimed, bought the same for the benefit of the plaintiffs. In fact, the property was transferred by Guion to the plaintiffs, and they entered into possession of the property and the quarry, and crushed and sold the stone with which the defendant is charged. The defendant testified that the stone furnished no part of the consideration for the purchase price paid him by Guion, that the whole was represented by the articles of personal property and the machinery used in crushing and quarrying the rock, and that he received nothing for the quarried rock. The bill of sale to Guion mentioned the uncrushed rock, but it did not appear that any price was affixed thereto, nor did it appear that the plaintiffs paid anything on account thereof when they

47 N.Y.S.—17

received their bill of sale from Guion, or that this stone entered into the consideration paid in either transaction. If it was not paid for either by Guion or the plaintiffs, then the defendant could not be charged therefor, as the plaintiffs had the full benefit thereof. The referee held that the bill of sale concluded the defendant, and he rejected proof offered to show what the consideration was for the rock therein mentioned, or what the transaction was relating thereto. We think this proof was admissible and should have been received. It bore upon the consideration received therefor by the defendant. The bill of sale was silent upon the subject of consideration, and it was competent to show what the agreement was in that respect, as well as to show what the arrangement was in connection with the rock. Briggs v. Groves (Sup.) 9 N. Y. Supp. 765; Claflin v. Taussig, 7 Hun, 223; Bean v. Carleton, 51 Hun, 318, 4 N. Y. Supp. 61. No liability attached to the defendant for the mere severance of the rock from the freehold, unless the freehold was damaged thereby. There could be no more than nominal damages for such act, under the circumstances of this case. The defendant is only liable to account for the stone which he sold, at its fair value; and if he received nothing for this stone, and the plaintiffs acquired it in connection with the machinery for quarrying and crushing, without paying therefor, then there is no basis of liability against the defendant. It is quite evident that this rock was of little value, except in connection with the facilities for preparing it for market; and it might well be that it was considered of no value by both parties in the transaction which transferred title to the personal property, except as it existed as an aid to the sale. Under such circumstances, we think the defendant became entitled to show how it was considered in the transfer to Guion, and that the plaintiffs were obligated to show that the defendant received value therefor, and that value for it was considered in their transaction, aside from the transfer of the other property. This item, upon the proof, was improperly allowed as a charge against the defendant.

It follows that the judgment and order of confirmation should be reversed, and the case sent back to the referee for a further hearing respecting this item, unless the plaintiffs, within 20 days, stipulate to reduce the judgment by the amount of $1,638.75 and interest thereon; and, in the event such stipulation is given, then the interlocutory judgment and the judgment entered upon the order modifying and confirming the report of the referee, as modified, is affirmed, without costs in this court to either party. All concur.