(52 App. Div. 211.)

### GIBBONS v. RUSH CO., Limited.

(Supreme Court, Appellate Division, Second Department. June 12, 1900.)

CONTRACTS—ACTIONS FOR BREACH—EVIDENCE—ADMISSIBILITY.

   Where a contractor is to pay damages for each day the building remains incomplete after a specified time, but time lost by the owner's default is to be deducted, he may show, as an excuse for failure to complete the building, a collateral parol agreement with the owner for the use of his docks for unloading material, and the owner's violation of the agreement, thereby delaying the completion of the work in the time agreed; since the written contract is not changed or modified by the introduction of such collateral agreement.

Appeal from trial term, Kings county.

Action by Richard Gibbons, surviving partner of M. Gibbons & Son, against the Rush Company, Limited. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frederic R. Kellogg, for appellant.
Charles J. Patterson, for respondent.

WOODWARD, J. This action was brought to recover the balance claimed to be due to the plaintiff, who is a building contractor, upon two written contracts for the erection of certain warehouses for the defendant company. The contracts provided in detail for the erection of the buildings, which were to be completed at certain fixed dates, with liquidated damages for each day of delay after the dates agreed upon, increasing in amount, for all delay after the dates agreed upon. The plaintiff does not base his claim upon the theory of performance of the original contracts within the time specified, but avers various excuses for nonperformance. The defendant denies the alleged ex

cuses for nonperformance, and interposes two counterclaims for the failure of the plaintiff to complete the buildings within the time fixed by the contracts. The plaintiff replies to these counterclaims, setting up as defenses thereto the same reasons for nonperformance as those contained in the complaint. Upon the trial the jury found for the plaintiff, and various exceptions are urged upon this appeal.

This case has been elaborately tried and argued. It appears from the evidence and the admissions of counsel that some time prior to the 1st day of November, 1895, the defendant entered into an oral contract with the plaintiff for the construction of six buildings to be used as warehouses in the then city of Brooklyn, and that work was actually commenced upon the same, it being understood that the contract was to be reduced to writing. Subsequently, and on the 1st day of November and the 3d day of December, 1895, two contracts were made and executed by the parties to this action, each of such contracts calling for the construction of three warehouses on opposite sides of Forty-Second street, South Brooklyn. There is no essential difference in these contracts, except in the matter of the time of completion, in so far as they relate to the questions presented on this review. The defendant desired the construction of these buildings within the time specified, so it is contended, for the purpose of being able to store certain cotton which it expected to be intrusted to its care; and to make certain that there would be no delay in the completion of the buildings as provided by the contract it was stipulated by article 6 of the contract:

"For the first day's delay, if any, in the full completion of each and any one of said storage houses at the times mentioned, the contractor shall pay the owner, not as a penalty, but as liquidated damages, the sum of one hundred ($100) dollars; for the second day of such delay the sum of one hundred and ten ($110) dollars; and for each successive day thereafter a sum greater by ten dollars ($10) than the liquidated damages of the day preceding."

By article 7 of the contract it was provided:

"Should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay, or default of the owner, or the architects, or of any other contractor employed by the owner upon the work, or by any damage which may happen by fire, lightning, earthquake, or cyclone, or by the abandonment of the work by the employés through no fault of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid; but no such allowance shall be made unless a claim therefor is presented in writing to the architects within twenty-four hours of the occurrence of such delay. The duration of such extension shall be certified to by the architects, but appeal from their decision may be made to arbitration, as provided in article 3 of this contract."

The complaint in this action sets forth the contracts as reduced to writing, omitting the specifications, which are set forth in the answer. In plaintiff's reply to defendant's counterclaim it is alleged that "on or about the 13th day of September, 1895, the plaintiffs Richard Gibbons and Michael Gibbons were co-partners in business, and as such co-partners entered into a verbal agreement with the defendant for the erection of three storage warehouses, which are the same warehouses mentioned in the first cause of action herein, in substance and effect the same as the agreement which is set

forth in the complaint in this action as the contract upon which the first cause of action is based." It is further alleged:

"That at the time of said verbal agreement it was understood and agreed between the parties that it should be subsequently reduced to writing, and accordingly it was subsequently reduced to writing, and signed by the parties, on or before the 1st day of November, 1895; but it was expressly agreed between the parties at the time it was so reduced in writing that the rights and liabilities of the parties under the agreement should be the same as if the said agreement had been entered into and upon the same terms as at the time of the making of the verbal agreement, * * * and that the rights and liabilities of the parties with respect to the time of the completion of the buildings therein named should be subject to such delays as had taken place in the performance of the work previous to the 1st of November, 1895, and that by reason of such delays the time of the plaintiffs should be extended in the same manner and to the same extent as if the written contract had been made and entered into on the 13th of September, 1895, and that the said plaintiffs should in no way be prejudiced from claiming such delays by reason of the fact that said verbal agreement was not reduced to writing until the 1st day of November, 1895."

It is further alleged:

"That it was a part of the agreement and understanding between the defendants and plaintiffs that the plaintiffs should have the right to use the dock opposite the buildings, which dock was owned by the defendants, for the purpose of landing building materials, upon which agreement made by defendants plaintiffs were induced to enter into the contract aforesaid. The said defendants willfully prevented and obstructed the plaintiffs from landing their material upon the said dock, and thereby on several occasions did delay the plaintiffs in the performance of their work, and the completion of the said buildings, with the express design and purpose of creating a pretended claim for damages for delay."

Upon the trial of the action evidence was offered, and admitted over the objections of the defendant, tending to show that there was a verbal agreement as to the use of defendant's dock for the landing of material, and this was admitted by the president of the defendant company. Substantially all of the material objections raised by the exceptions on this appeal are based upon the proposition that, the building contracts upon which the action is predicated being in writing, it was incompetent for the plaintiff to introduce parol evidence to cut down or destroy stipulations and undertakings entered into between parties, and by them put in writing. We are of the opinion, however, that the contract in reference to the dockage privileges was an independent collateral contract, not provided for in that portion of the contract reduced to writing (Chapin v. Dobson, 78 N. Y. 74), and that it was competent for the plaintiff to show that the defendant, by willfully obstructing the plaintiff in the use of the dock, for which a material concession in the contract price had been made, had waived its right to demand performance of the conditions of the written contract, so far as relates to the time of completion. The law is well settled that a party cannot take advantage of his own wrong to impose a burden upon another, and to exclude evidence of the entire transaction between these parties under the application of a general rule to which there are conceded exceptions would be to permit this defendant to exact heavy damages from the plaintiff for nonperformance of a contract at the same time that the defendant was in the full en-

joyment of the buildings constructed by the plaintiff. Thus the plaintiff would be denied recovery for the work and materials furnished at the same time that he would be held to responsibility for the failure to finish the buildings on time, when the default on the part of the plaintiff was due, in a measure, at least, to the wrongful conduct of the defendant in refusing to permit the plaintiff to use the dock for which he had contracted, and for which he had allowed the defendant $3,000 upon the contract price of the buildings to be constructed under the written portion of the contract. The written contract is not changed or modified by the introduction of evidence of an independent collateral contract. It is left just as it is; and in so far as the work of construction, the furnishing of materials, and the other conditions of the contract are concerned, it is controlling. The only effect of the evidence is to furnish an excuse for the failure of the plaintiff to complete the buildings within the time specified, and, in the view that the jury has taken of this question, the plaintiff having been delayed by the willful misconduct of the defendant, there is no reason why he should be made to pay the penalty of this failure.

We have examined the various points raised by the appellant, and do not find reversible error. The questions presented were largely questions of fact, which the jury has determined upon a conflict of evidence, and with that determination there is no reason to interfere, the evidence being sufficient to support the verdict upon all the questions submitted.

The judgment and order appealed from should be affirmed, with costs. All concur.