### HANES v. SACKETT.

(Supreme Court, Appellate Division, Fourth Department. November Term, 1900.)

1. PAROL ASSIGNMENTS—CONSIDERATION.

Where a grantee in a deed assumed certain mortgages, a part of a consideration for which was a parol assignment of an agreement by a mortgagee to pay certain money to the grantor, the assumption of the mortgages constituted a valid consideration for the assignment.

2. DEEDS—COLLATERAL AGREEMENT—PAROL EVIDENCE.

Where the grantee in a deed assumed certain mortgages on the premises, and a part of the consideration for the assumption of the mortgages was the assignment to the grantee of an agreement by a mortgagee to pay money to the grantor, which assignment was by parol, parol evidence is admissible to prove the assignment, since it was a collateral agreement, and proof of it did not tend to vary the terms of the deed.

3. SAME—CONSIDERATION—PAROL EVIDENCE.

Where a parol assignment of a claim on money to be paid a grantor is part of the consideration for a deed and the assumption of mortgages by the grantee, parol evidence of the assignment is admissible in explanation of the consideration for the deed.

4. PAROL AGREEMENT—STATUTE OF FRAUDS.

Where the grantee in a deed assumed certain mortgages, and a part of the consideration for the conveyance and assumption of the mortgages was the assignment by the grantor of an agreement by a mortgagee to pay money to the grantor, which assignment was by parol, the statute of frauds does not apply, since the consideration for the assignment was the same as for the deed, and hence the agreement was executed.

McLennan, J., dissenting.

Appeal from special term, Ontario county.

Action by Charles A. Hanes against Sarah A. Mulholland. Frederick A. Sackett, as receiver of the property of John A. Butler, interpleaded, and was substituted as defendant. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

This action was commenced against Sarah A. Mulholland January 20, 1899, to recover the sum of $250. That the said defendant was indebted to some one for the sum claimed, and by reason of the agreement set out in the complaint, is undisputed. The present receiver was appointed in proceedings supplemental to execution on a judgment against one John A. Butler, and in that capacity claimed this money in hostility to the claim of the plaintiff. Pursuant to an order duly made, and which has been fully complied with, the said receiver was substituted as party defendant in the place of said Sarah A. Mulholland, and she was released from all liability by reason of her said agreement upon paying over the money as directed, and this action was continued against said receiver, and upon an amended complaint, as provided for in the order of interpleader. On the 3d day of August, 1898, said John A. Butler owned a lot in the village of Border City, in the town of Waterloo, Seneca county, upon which he was erecting two dwelling houses, one of which was then nearly completed. He sought to borrow $500 of said Sarah A. Mulholland, to be secured by his bond and a mortgage upon said premises. Thereupon on that day they entered into an agreement in writing whereby she agreed to pay him $250 upon the execution of the bond and mortgage, and Butler agreed to complete said dwelling houses; and the agreement further provided that the remaining $250, which constituted the part consideration for the bond and mortgage, should be paid to Butler "when the second house to be erected on said premises shall be inclosed." The bond and mortgage were executed and delivered, and the first $250 paid, that day, all conformably to said written agreement. On the 5th of August, 1898, said John A. Butler executed and delivered to his brother David Butler his bond, accompanied by a second mortgage upon the same premises, to secure the payment of $1,000 and interest as therein provided. At the time of the execution of this bond and mortgage the Butlers entered into a written agreement whereby David agreed to erect a dwelling house on said lot for the sum of $500, and to be completed on or before November 20, 1898, and which is the second dwelling house referred to in the Mulholland agreement. The payment for this building constituted a part of the consideration for such bond and mortgage from John A. to David. On August 22, 1898, Butler conveyed the premises to James Davis by warranty deed. In that conveyance the consid-

eration expressed is $100, and in addition the grantee assumed the payment of said two mortgages. The proof shows that at the time of the execution of the deed there was a parol agreement by which the grantee was to receive the $250 to become due from Mrs. Mulholland when the building was inclosed, and that this agreement formed a part of the inducement and consideration for the purchase of the premises. On the 28th of September, 1898, Davis conveyed to the plaintiff by a similar deed, containing an expressed consideration of $75, and with a like assumption clause to that recited in the deed from Butler to Davis. By a parol agreement made as a part of the consideration for this transfer, Davis also assigned to the plaintiff the said claim of $250, which was to mature when said dwelling house was inclosed. On December 7, 1898, Butler gave a written order directing Mrs. Mulholland to pay said sum of $250 to the plaintiff. On the 9th of January, 1899, Butler and Davis joined in a formal written assignment of said claim to the plaintiff, purporting to be made in confirmation of the preceding oral transfers. Prior to the inclosure of the building and the written assignment and order, but subsequent to the parol transfer to the plaintiff, and on the 3d day of October, 1898, one Jenkins recovered a judgment of $146.76 in justice's court against Butler, and proceedings supplemental to execution were instituted on said judgment; and on November 5, 1898, Mrs. Mulholland was enjoined from paying over said money, and was directed to appear and be examined as a witness before a referee appointed in said proceedings. The proceedings culminated in the appointment of the defendant as receiver on said judgment February 6, 1899. With these conveyances there was also a verbal transfer of the agreement between the Butlers whereby David was to erect the house on said lot, and which in part formed the consideration of the bond and mortgage to him. It also appears that the written agreement with Mrs. Mulholland during all this time was in the custody of the attorney who prepared it, and who refused to show it to the plaintiff.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

William S. Moore, for appellant.

George L. Bachman, for respondent.

SPRING, J. The evidence warrants the conclusion that when Butler sold the land he expected to transfer also his claim against Mrs. Mulholland. His agreement with his brother for the erection of a dwelling house was not yet fulfilled. There was no undertaking in writing by him with Davis that it should be carried out, yet it is clear that, also, was expected, and that expectation is best supported by the fact that David Butler did build the house pursuant to the agreement. The completion of the house was essential before Mrs. Mulholland was liable to pay the $250, and it was evidently intended that David Butler should erect the building, and that Davis should then become vested with the title to the demand against Mrs. Mulholland. When he accepted the conveyance the house was in process of erection, and he took the risk of David Butler completing it according to his contract. If for any reason the house was not inclosed, then Mrs. Mulholland could not be made to pay, and Davis purchased it with that condition confronting him. The law is well settled that an assignment of a chose in action by parol, based upon a valuable consideration, passes the title. Risley v. Bank, 83 N. Y. 316; Williams v. Ingersoll, 89 N. Y. 508, 521. The troublesome question in this case, however, does not hinge upon that principle, but whether the oral transfer is in variation or hostility to the deed of conveyance. The transfer of the claim against

Mrs. Mulholland was wholly independent of the deed to Davis. The latter was for the purpose of vesting the title to the land in the grantee. The former was to effect the sale of personal property,—a chose in action. The claim of the plaintiff is that contemporaneously with the execution and delivery of the deed, and resting upon the same consideration, Davis purchased this demand of Butler. Parol proof that he did make such purchase does not contradict the deed. By that conveyance he agreed to pay $100, and also to assume the payment of the two mortgages. Plaintiff does not seek to contradict or vary those facts. His contention is that, aside from the conveyance, there was an agreement by which Davis was to acquire the right to this $250 when it matured, and a like agreement was made when Davis conveyed. In Hutzler v. Richter, 13 App. Div. 592, 43 N. Y. Supp. 679, the defendants purchased a tract of land of the plaintiff for $1,200, $400 of which were in cash, and the balance secured by the bond and mortgage of the defendants. The defendant mortgagors agreed to keep the buildings insured, as owners, for the benefit of the mortgagee, in the sum of $700, which was not done; and the buildings subsequently burned, uninsured. At the time of the conveyance such buildings were insured for the sum of $700, and the policy had nearly two years of life. It was contended by the defendants that at that time the plaintiff orally agreed, as part of the consideration and incentive for the purchase, that he would cause such policy to be transferred to the defendants, as owners, but it was to be retained by him until the mortgage was paid, and that they relied upon that promise, and did not obtain any insurance themselves. The buildings burned during the unexpired term of this policy, and the defendants sought to interpose these facts in defense of a suit brought by the plaintiff to foreclose the mortgage. This collateral agreement was wholly in parol, but this court held that, it being a separate agreement, it was susceptible of proof and enforcement. The court say at page 595, 13 App. Div., and page 680, 43 N. Y. Supp.:

"If, then, the verbal agreement does not conflict with and is not merged into the written one, obviously the principle upon which it must be sustained, if at all, is that it constitutes a collateral contract, separate and distinct from the one which is contained in the mortgage; it being well settled that proof of an independent, contemporaneous oral contract, even though it relates to the same subject-matter, in no manner violates the rule we have been considering."

The refinements in the discussion of the subject of the admissibility of evidence of a parol arrangement which is contemporaneous to and connected with a written agreement have arisen very largely where it was contended that a part only of the agreement was reduced to writing. If it is apparent that there was an entire agreement, a part only of which has found expression in the written engagement of the parties, then oral proof is permissible to complete what was left unfinished in the writing, but not to vary or contradict it. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Stowell v. Insurance Co., 163 N. Y. 298, 57 N. E. 480; Brantingham v. Huff, 43 App. Div. 414, 60 N. Y. Supp. 157; Juilliard v. Chaffee, 92 N. Y.

529. The present case in no way involves that principle. In Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, Judge Vann, at page 140, 127 N. Y., and page 963, 27 N. E., makes the distinction which is applicable here, in the following language:

"In the foregoing classification collateral agreements are not included, because they are separate, independent, and completed contracts, although relating to the same subject. They were allowed to be proved by parol, because they were made by parol, and no part thereof committed to writing."

The parties reduced to writing their agreement relating to the land. They, however, had a distinct contract, in no way impugning the land transaction, but based upon the consideration inhering in the conveyance. The proof of this separate agreement does not impair or affect the deed. It is collateral to it. The motives which prompted the conveyance and this independent agreement are the same, but the character of the contracts is not at all identical. The enforcement of the oral agreement does not trench upon the conveyance, and does not, therefore, come within the rule which prohibits oral proof to vary a written agreement. Stokes v. Polley, 164 N. Y. 266, 58 N. E. 133; Gibbons v. Bush Co., 52 App. Div. 211, 65 N. Y. Supp. 215; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; Bradner, Ev. (2d Ed.) p. 305. If this agreement were not independent, but related solely to the consideration of the conveyance, oral proof in explanation of the consideration would be competent. Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041; Baird v. Baird, 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375; Cosgriff v. Dewey, 21 App. Div. 129, 47 N. Y. Supp. 255.

There is no question of the statute of frauds in the case. In the first place, the consideration for the oral agreement, as has been suggested, was identical with that upon which the conveyance depended. The agreement was, therefore, executed—performed—by the grantee, Davis, and by the plaintiff, his successor in title and interest. In the second place, the answer contains no such defense.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, J., who dissents.