(73 App. Div. 134.)

JACKSON v. HELMER.

(Supreme Court, Appellate Division, Fourth Department.　May 27, 1902.)

1. CONTRACTS—FRAUD—PLEADING.

Where plaintiff leased premises to defendant, receiving in considera-
tion a colt, which died from a disease which defendant knew existed at
the time of the transaction, judgment for plaintiff could not be main-
tained on the theory of fraud without allegations thereof in the com-
plaint.

2. SAME—WRITTEN CONTRACT—BREACH OF WARRANTY.

The judgment could not be supported on the theory of breach of war-
ranty. The contract being in writing and containing no warranty, it
would be assumed that none existed.

3. SAME—PAROL EVIDENCE.

Evidence of negotiations preceding the execution of the contract,
tending to show fraudulent representations and a warranty, was inad-
missible.

4. APPEAL—PREJUDICIAL ERROR.

Where plaintiff leased premises to defendant by written contract, re-
ceiving in consideration a colt, which afterwards died from a disease ex-
isting at the time of the contract, error in admitting evidence of nego-
tiations before the execution of the contract, tending to show fraud and
a warranty, was not prejudicial; the written contract being subsequently
admitted; and the judgment not being founded on any of the preliminary
negotiations.

5. CONTRACTS—EXECUTION—SUBSEQUENT AGREEMENT

Defendant gave plaintiff a colt in consideration for a lease of certain
premises, and afterwards plaintiff discovered that the animal was dis-
eased, and accused defendant of fraud; and defendant assured plaintiff
that the colt would be all right when turned out to pasture, and that
defendant would give $50 for the animal in the fall, or "make it all
right if she died," and the colt did die before fall. Held, that such
separate promise, being founded on a good consideration, constituted a
cause of action.

6. APPEAL—TECHNICAL ERRORS—JUDGMENT ON MERITS.

Defendant gave plaintiff a colt in consideration for a lease of the
value of $10, but the colt was diseased, to defendant's knowledge, and
of no value. Plaintiff's complaint did not allege fraud, and the written
contract contained no warranty; but the evidence showed a subsequent
independent promise by the defendant that he would buy back the ani-
mal, or "make it all right" if it died, and it seemed that the complaint
intended to cover this cause of action, though it was inartificially drawn.
Held, that Code Civ. Proc. § 3063, requiring the appellate court to render
judgment according to the justice thereof, without regard to technical
errors, justified the court in giving judgment for plaintiff.

Appeal from Jefferson county court.

Action by Lovillow Jackson against Adelbert Helmer. From a
judgment of the county court reversing a judgment of a justice's
court in plaintiff's favor, he appeals. Judgment of the county court
reversed, and judgment of the justice affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Arthur L. Chapman, for appellant.
A. M. Leffingwell, for respondent.

¶ 1. See Fraud, vol. 23, Cent. Dig. § 37.

ADAMS, P. J. On the 26th day of January, 1899, the parties hereto entered into a written contract by the terms of which the plaintiff rented to the defendant certain premises, and, as a consideration therefor, received from the defendant a "sorrel, white-faced, sucking colt." Upon taking the colt to his home the plaintiff discovered that it had a serious throat affection, in consequence of which it was unable to swallow either water or food, but, after taking either into its mouth, ejected the same through its nose. The evidence tends to show that this affection was the result of an injury, which fact was well known to the defendant at the time he entered into the contract with the plaintiff, and that it finally resulted in the death of the colt on the 20th day of June, 1899. The action was originally brought in justice's court, where a judgment for $10 damages and $4 costs was recovered by the plaintiff, which judgment was subsequently reversed by the county court upon appeal. The action appears to have been tried upon the theory that the plaintiff's cause of action was for fraud and deceit, but, inasmuch as the complaint contains no allegations appropriate to such a cause of action, it was correctly held by the county court that it could not be maintained upon that theory. Neither can the recovery be upheld upon the theory that there was a warranty, and a breach thereof, upon the part of the defendant, for the reason that the contract was reduced to writing, and, as it contained no language which amounted to a warranty, it must be assumed that none was intended. Reed v. Van Ostrand, 1 Wend. 424, 19 Am. Dec. 529.

Upon the trial, evidence was admitted of negotiations which preceded the execution of the contract, and which tended to show both fraudulent representations and a warranty; but this evidence was clearly incompetent, within a rule of law which is now well settled. Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548. However, the error of the justice in admitting this incompetent evidence was not prejudicial to the defendant, inasmuch as the written contract was subsequently offered and received in evidence, and the judgment of the trial court was apparently not founded upon any of the preliminary negotiations which were not embraced therein.

The plaintiff testified that after he had taken the colt home, and discovered the condition of its throat, he had an interview with the defendant, in the course of which the following conversation took place:

"I saw Helmer, and said: 'You lied to me about the colt. She is not what you said. I am feeding her all she can eat, and she grows poor.' He said: 'She will be all right when you turn her out to grass.' He said: 'I will give you $50 for her in the fall. If she dies, I will make it all right.' I kept her, hoping that she would get better when I turned her out in good feed. She had good water. About the last of May when I turned her out. She lived until about June 20, 1899, and died. She grew poor continually, and finally died of starvation."

This evidence, which was not controverted by the defendant, contains a separate and distinct promise upon the part of the defendant to give the plaintiff $50 for the colt if he would keep her until fall, or to make it all right with him if she died prior to that time; and

inasmuch as this promise was founded upon a good consideration, and was collateral to, and independent of, the agreement which had theretofore been reduced to writing, it furnishes the plaintiff with a good cause of action (Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Hutzler v. Richter, 13 App. Div. 592, 43 N. Y. Supp. 679); and it is doubtless this cause of action which the plaintiff intended to cover by his complaint.

The complaint was drawn and the case tried for the plaintiff by a layman, who, it is fair to assume, was not well versed in the rules of pleading or evidence; and as the defendant's colt was obviously of no value, and as the rental value of the plaintiff's premises was conceded by the defendant to be at least $10, we think the rule which requires an appellate court in cases of this character to render judgment according to the justice thereof, without regard to technical errors or defects (Code Civ. Proc. § 3063), justifies this court in reversing the judgment of the county court and affirming that of the justice's court.

Judgment of county court reversed, and judgment of the justice's court affirmed, with costs. All concur.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

